WILLIAM ZAMPATELLA *vs.* THOMSON-CROOKER SHOE COMPANY.

JAMES J. HARRINGTON *vs.* SAME.

BERNARD J. SHAFT *vs.* SAME.

Suffolk. February 25, 1924. — May 19, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Contract*, Of employment, In writing, Consideration, Construction, Performance and breach. *Evidence*, Extrinsic affecting writing.

At the trial of an action against a manufacturing corporation by an employee for breach of an alleged agreement to pay the plaintiff a bonus, so called, there was evidence tending to show that at the time of the plaintiff's employment the defendant's general manager agreed to pay the plaintiff a certain amount at a piece rate " and fifteen per cent bonus on the money you earn at the end of the year," and that the plaintiff agreed that he would sign a contract if the manager " would bring it to him; " that about a week after he went to work he and the corporation signed an agreement stating merely that he " has hereby agreed to work for the . . . [corporation] for one (1) year from date at the prices agreed upon; " and that the defendant refused to pay the bonus at the end of the year. *Held*, that the memorandum was an incomplete statement of the contract and that evidence as to the amount of wages to be paid to the plaintiff and the amount of bonus based thereon was admissible.

In an action against a manufacturing corporation upon an agreement to pay the plaintiff, a workman, a bonus at the end of the year of his employment which should be fifteen per cent of his " year's pay," it was *held*, that

(1) The contract was founded on a good consideration;
(2) The contract was sufficiently definite;
(3) A failure by the defendant to pay the bonus at the end of the year was a breach of the contract and a finding for the plaintiff was warranted.

THREE ACTIONS OF CONTRACT for alleged breaches of agreements by the defendant to pay to the respective plain-

tiffs, employees of the defendant, bonuses, so called.   Writs dated November 3, 1921.

In the Superior Court, the actions were tried together before *Irwin*, J.   Material evidence is described in the opinion. In each action there was a motion by the defendant for a verdict in its favor.   The motions were denied.   The jury found for the plaintiff Zampatella in the sum of $192.65; for the plaintiff Harrington in the sum of $401.15; and for the plaintiff Shaft in the sum of $321.   The defendant alleged exceptions.

The cases were submitted on briefs.

*F. Juggins, H. P. Fielding, & R. E. Evans,* for the defendant.

*J. G. Bryer,* for the plaintiffs.

CARROLL, J.   These three cases were tried together.

In the first case, Zampatella went to work for the defendant on March 24, 1920, and continued in its employment until April 3, 1921.   On March 30, 1920, the following agreement was signed:

"March 30, 1920.

Mr. William Zampatella has hereby agreed to work for the Thomson-Crooker Shoe Company for one (1) year from date at the prices agreed upon.

S. Zampitella.
Thomson-Crooker Shoe Co."

Zampatella testified, subject to the defendant's exception, that one Thomson, the defendant's president and general manager, agreed to pay him "eighty cents a hundred," and said, "I will pay you fifteen per cent bonus on the money you earn at the end of the year;" that he (the plaintiff) agreed that he would sign a contract if Thomson "would bring it to him;" that he went to work the next day; that he signed the contract "five or six days later;" and that in December, 1920, a notice was posted that "the bonus would not be paid this year on account of business being bad." The written memorandum signed by the parties was an incomplete statement of the contract; it did not purport to contain all its terms; there is nothing in the writing to show the

wages which were to be paid the plaintiff. The evidence showing the wages he was to receive and the amount of the bonus based on his earnings for the year was admissible. *North Packing & Provision Co.* v. *Lynch,* 196 Mass. 204. *Lyman B. Brooks Co.* v. *Wilson,* 218 Mass. 205. *Glackin* v. *Bennett,* 226 Mass. 316, 319. If the jury believed this evidence, and the question was one of fact, they could find that a legal contract was made to pay this bonus; that it was not a mere gratuity but a part of the contract of service. See *Scott* v. *J. F. Duthie & Co.* 28 A. L. R. 328.

In the second case there was evidence for the jury that Harrington was employed as a foreman by the defendant; that in January, 1920, the general manager of the defendant agreed to pay him a bonus of fifteen per cent on his " year's pay," payable on the Saturday before Christmas, 1920; that Harrington continued in the defendant's employment, and two or three days after Christmas, 1920, he asked the manager for the bonus, which was refused. This evidence was contradicted. But the jury could have found that the contract was definite in that it was a promise to pay a bonus of fifteen per cent on the wages earned by the plaintiff; that it was founded on a good consideration; and that the plaintiff continued in the defendant's employment, relying on the promise to be paid the bonus on the Saturday before Christmas. The case was submitted to the jury properly and the judgment in his favor is to stand.

In the third case, it could have been found that, while in the defendant's employment, Shaft, the plaintiff, entered into an agreement by which he was to receive a bonus of fifteen per cent on his yearly wages, payable the week before Christmas in the year 1920; that this agreement was made on January 6, 1920; that he continued in the defendant's employment until January or February, 1921; and that the defendant refused to pay him the bonus of fifteen per cent as agreed. There was no error in submitting this case to the jury. There was a consideration for the contract, it was sufficiently definite, and the plaintiff, it could have been found, continued in the defendant's employment relying on the defendant's promise.

According to the terms of the report, in each case the verdict for the plaintiff is to stand and judgment is to be entered accordingly.

*So ordered.*