SWANSON, Respondent, v. ADVANCE-RUMELY THRESH-
ER COMPANY, Inc., Appellant.

(216 N. W. 867.)

(File No. 5911.   Opinion filed December 20, 1927.)

*McNulty, Williamson & Smith,* of Aberdeen, for Appellant.
*Corrigan & Walton,* of Aberdeen, for Respondent.

POLLEY, J.   This action was brought for the recovery of a
balance plaintiff claims to be due him from defendant for services
rendered and for certain sums plaintiff claims to be due him as a

bonus for selling certain units of farm machinery. Plaintiff had judgment, and defendant appeals.

Plaintiff and defendant entered into a written contract designated, "Personal Service Contract," whereby plaintiff was to act as a salesman to sell farm machinery for defendant over several counties in the state with headquarters at Aberdeen. Plaintiff was to receive a salary of $100 per month. The term of service commenced on the 1st day of October, 1922, and was to continue until terminated, which could be done at any time by either party by giving five days' notice to the other party. To the contract was attached a "rider," which provided that defendant would pay plaintiff a bonus of $25 for the sale of each of certain designated unit of machinery. Said rider also contained the following provisions:

"Such bonus shall be considered as earned by second party only in the event that the unit upon the sale of which such bonus is based, shall be delivered to and accepted by its purchaser and that such purchaser shall also have fully settled for such unit in accordance with the terms of the original order of sale upon which such delivery and acceptance are based. Such bonus may, at the first party's option, be advanced by the first party as soon as the order upon which it is based has been accepted by the home office of the first party of La Porte, Indiana. If for any reason the order upon which such bonus is based shall be cancelled, or if settlement for such unit shall not be made by the purchaser as hereinabove set forth, then such bonus shall be considered as not having been earned; and if such bonus or any part thereof shall have been previously advanced or credited by the first party to or on account of the second party, such amount as advanced or credited shall forthwith be charged against and repaid by the second party to the first party. * * * No bonus shall be considered as earned and payable unless the order on which such bonus is based is delivered and properly settled for during the term of second party's employment by first party under this contract."

Plaintiff worked for defendant under the terms of said contract from the 1st day of October, 1922, until the 7th day of April, 1923, when the contract was terminated by the giving of five days' notice by defendant to plaintiff. During said period, plaintiff took

orders for 22 of the units of machinery designated in the said rider. These orders were designated at the trial as Exhibits Nos. 4 to 21, inclusive. These orders were all taken from local farm machinery dealers in the various towns in plaintiff's territory, and with each order plaintiff collected the sum of $100 to apply on the purchase price of the machinery designated in the respective orders. These orders and the said sum of money were forwarded to and accepted by defendant without waiting for the delivery of the machinery or settlement therefor. As provided by the terms of said rider, defendant advanced to plaintiff $150 in payment of the bonus due on six of the said sales.

Because of poor crop conditions during the season of 1923, all of the orders taken by the plaintiff were cancelled by mutual agreement, with the exception of the two orders designated as Exhibits Nos. 13 and 15, and these were not delivered and settled for until during the months of May and August, 1923. The advance payments of $100 each that had been made on these orders were not returned by defendant to the parties who had paid the same, but in each case was applied either on indebtedness due from said parties to defendant, or was credited to such parties on the books of the defendant. Under these circumstances and under the conditions named in the said rider, defendant contends that the plaintiff is not entitled to the said bonus on any of such sales and that it is entitled to the return of the said sum of $150 so paid, and in its answer interposed a counterclaim for that amount.

■■ Agreements to pay bonus such as are contained in the rider in this case are valid, and when complied with may be enforced. Zampatella v. Thomson-Crooker Shoe Co., 249 Mass. 37, 144 N. E. 82; Johnson v. Fuller Mfg. Co., 183 Wis. 68, 197 N. W. 241. (See note on page 331 of 28 A. L. R., where the cases are collected and reviewed.) But in order to recover, it is necessary to show a compliance with the terms of the agreement; and that, plaintiff has failed to do in this case. The contract provides that no bonus shall be payable unless the order is delivered and settled for during plaintiff's term of employment. The evidence shows affirmatively that no order was delivered or settled for during his employment.

The court made a finding to the effect that the defendant on the 7th day of April, 1923, arbitrarily and without reason or excuse

terminated the said contract of employment before the time for delivering any of said units of machinery had arrived. The plain implication of this finding is that defendant discharged plaintiff when it did for the purpose of preventing him from earning the bonus on the said sales. The evidence warrants no such implication. And the court made the further finding that plaintiff had done and performed all things required of him by the terms of the said contract, and had fully earned all commissions or bonuses provided for by the terms of the said contract. The evidence does not support this finding. The contract provided that either party could terminate such contract at any time upon the giving of five days' notice. This notice was given by the defendant. Under the terms of the contract none of the commissions or bonuses had been earned during the term of plaintiff's employment, and under the terms of the contract defendant was entitled to a return of the unearned bonuses that had been advanced by the defendant.

It was stipulated at the trial that the defendant was indebted to plaintiff in the sum of $23.10 on his salary and $12.89 for expenses incurred by plaintiff, and so far as these two items are concerned the judgment appealed from is affirmed, but so far as the money claimed as bonuses is concerned, the judgment and order appealed from are reversed and the case is remanded, with directions to the trial court to enter judgment in conformity with this opinion.

CAMPBELL, P. J., disqualified and not sitting.

SHERWOOD, BURCH, and BROWN, JJ., concur.