CHARLES FOLEY *vs.* HARRY E. FLAHERTY & others.

Norfolk. November 9, 1931. — January 25, 1932.

Present: RUGG, C.J., WAIT, SANDERSON, & FIELD, JJ.

*Interest. Bonus.*

Where one, having an opportunity to make a large profit by a certain transaction, borrowed the sum of $2,000 to effect such transaction and promised to repay it with a "bonus" of an additional $2,000, the "bonus" constituted interest upon the sum borrowed within the meaning of G. L. c. 107, § 3; and, the promise to pay the "bonus" having been oral and the borrower having repaid the sum borrowed plus a portion of the "bonus" greater than six per cent per annum on the sum borrowed, the lender could not maintain proceedings to recover the remainder of the "bonus."

BILL IN EQUITY, filed in the Superior Court on January 5, 1931, and afterwards amended.

The suit was referred to a master. By order of *Gray*, J., an interlocutory decree was entered confirming the master's report. The judge then heard the suit further upon the report and certain additional evidence. Material facts are stated in the opinion. A final decree was entered dismissing the bill. The plaintiff appealed.

*E. J. Campbell,* for the plaintiff.

*J. A. Boyer,* (*P. Nichols* with him,) for the defendants.

WAIT, J. The plaintiff brought this bill in equity to compel the payment of what he calls a bonus promised by the defendant for a loan of $2,000. No demurrer was filed; and we need not consider whether a bill in equity was a proper remedy.

After exceptions to a master's report had been overruled, and an amendment to the bill had been allowed, the case was heard upon the report and additional evidence. The plaintiff testified that he delivered $2,000 to the defendant upon his oral promise to pay him for the use of this money the sum of $2,000 or $3,000 and perhaps more. There was evidence that the defendant, having an opportunity to purchase for $2,000 a controlling interest in a corporation by which the plaintiff was employed, which afforded an opportunity for very large profit, and not being himself in possession of the money, spoke with the plaintiff, obtained the loan and made the promise stated. He made the purchase, and, later, realized substantial profit. On the receipt of the money, he gave the plaintiff a paper reading: "April 28th, 1930. Received $2000. Two Thousand Dollars of Charles Foley. H. E. Flaherty." This paper the plaintiff lost. He told this to the defendant and received another paper reading: "June 27, 1930. 90 days after date I promise to pay to the order of Charles Foley $2,000.00 Two thousand 00/100 Dollars signed H. E. Flaherty Duplicate for one lost by Mr. Foley dated April 28, 1930." In July the original paper came again to the hands of the plaintiff, and he so informed the defendant. He testified "that he understood that the $2,000 was to be repaid to him by Flaherty in any event but that any additional sums over and above the $2,000 depended on the working out of the business." In May or June the defendant began liquidation of the corporation business. From time to time he made payments to the plaintiff, and on July 15 completed payment of $2,000. He requested of the plaintiff and received from him the original memorandum, with the following written upon the bottom: "July 15, 1930. Received payment in full. Chas. J. Foley." At that time he told the plaintiff that he would get more, and in October of

1930 he paid him a further $100. He testified that he did not promise $2,000 or $3,000 or more; but that he intended "to give Foley a good bonus, the amount of which depended on 'how he came out,'" and that he told the plaintiff so several times. He felt that $300 or $400 would be a good bonus; and the $100 was paid as part of it. The master found a promise to repay "the $2000 with a bonus of an additional $2,000 and that under certain circumstances not explained in evidence he would pay $3,000 and perhaps more"; that repayment of $2,000 with a payment of $100 in addition had been made; and that there was a present indebtedness of $1,900. The judge found that the "note" of June 27, 1930, was not delivered to and accepted by the plaintiff; did not discharge the existing debt; and in the circumstances did not constitute a defence. He ruled, however, that the $2,000 to be paid "constitutes interest on the money borrowed because it is money to be paid for the use of capital or on a loan of money and that the legal effect of this finding of the master is in no wise changed because he describes the transaction as a bonus . . . ." He ruled, further, that because the agreement for a greater rate than six per cent per annum on the amount of the loan was not in writing, and because already the plaintiff has "received interest greater than at the rate of six per cent per annum," a decree was to enter dismissing the bill. The plaintiff appeals from a final decree entered accordingly.

The decree is right. G. L. c. 107, § 3, provides that: "If there is no agreement or provision of law for a different rate, the interest of money shall be at the rate of six dollars on each hundred for a year, but . . . [except for provisions here immaterial] it shall be lawful to pay, reserve or contract for any rate of interest or discount. No greater rate than that before mentioned shall be recovered in a suit unless the agreement to pay it is in writing." This is the present "usury law" of this Commonwealth. The word "interest" as there used means "money to be paid for the use of capital, on a loan of money, or the forbearance of a debt," *Corcoran* v. *Henshaw,* 8 Gray, 267, 278, or

the penalty imposed by law for the retention of money. *Ratner* v. *Hill,* 270 Mass. 249, 253, 254. Parties may contract for, receive or pay any amount agreed upon; but, unless the agreement is in writing, they cannot recover in a suit a greater rate than six per cent per annum, with the exceptions here immaterial as noted above. *Nelson* v. *Beal, ante,* 130.

Difficult questions may arise whether a particular sum claimed is compensation for the use of capital loaned or forborne, or is for something other and different. ·See *Stevens* v. *Davis,* 3 Met. 211; *Kimball* v. *Proprietors of the Boston Athenaeum,* 3 Gray, 225; *Zampatella* v. *Thomson-Crooker Shoe Co.* 249 Mass. 37. In the case before us, however, it is manifest that the amount claimed is compensation for a loan, and nothing more. The plaintiff did nothing but loan money. He was not to do anything else than loan and await repayment. If, owing to the pressing need of the defendant for speedy possession of money and the prospect of great gain if he could get it, a greater return than $6 on $100 for a year might properly be exacted or be cheerfully given, the lender must secure the promise of payment in writing if he is to be able to resort to the courts for redress. A bonus not agreed upon in writing may be recovered in appropriate circumstances, *Zampatella* v. *Thomson-Crooker Shoe Co.* 249 Mass. 37; but calling mere compensation for loan or forbearance of money a bonus does not avoid the requirements of G. L. c. 107, § 3. The order must be

*Decree affirmed with costs.*