UNION TRUST COMPANY OF SPRINGFIELD, trustee, *vs.* HENRIETTA F. DEXTER & others.

Hampden. September 18, 1941. — June 24, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Trust,* Capital and income, Investments. *Capital and Income.*

Upon the sale of unproductive real estate in which a trustee had an interest and receipt by him of cash in a sum far insufficient to pay income due the beneficiary and a participation in a mortgage given back by the purchaser, which was not a proper trust investment, there should be no apportionment of such proceeds as between capital and income until the completion of the salvage operation, and in the meantime such proceeds should be held in the capital account.

It would be the duty of a trustee to dispose, as soon as he fairly and reasonably could, of a participation in a mortgage, admittedly not a proper trust investment, received by him upon a sale of unproductive real estate in which he had held an interest.

Upon foreclosure of a mortgage of premises, purchase of the premises by the mortgagee at the foreclosure sale, recovery by the mortgagee from a guarantor of a sum which was the total of a capital deficiency remaining after the foreclosure and of defaulted interest on the note up to the date of the foreclosure, and payment of a proportionate part of the sum so recovered to a trustee who had owned a participation in the mortgage and note, so much of the sum received by the trustee as represented defaulted interest should be paid over to the life beneficiary of the trust, but, it appearing that the real estate was not a proper trust investment, there should be no apportionment as between capital and income of so much of such sum as represented capital until the completion of the salvage operation.

PETITION, filed in the Probate Court for the county of Hampden on May 10, 1940.

Donald M. Macaulay, guardian ad litem, appealed from a decree entered by order of *Denison*, J. In this court the case was submitted on briefs.

*D. M. Macaulay*, guardian ad litem, pro se.

*J. B. Richardson, Jr.*, for the respondent Dexter.

DOLAN, J. This is an appeal from a decree entered in the Probate Court upon the petition of the trustee under the will of Eugene A. Dexter, praying for instructions as to its duty in connection with certain assets held by it as a result of two defaulted mortgages in which it had held certificates of participation.

The evidence is not reported. Material facts alleged in the petition are admitted by the answers of the only respondent who appeared, and of the guardian ad litem appointed to represent unborn and unascertained persons, who is the appellant. The petitioner was appointed trustee under the "third and fourteenth paragraphs of the will" of the testator on July 14, 1926. Under the third paragraph the testator devised and bequeathed the "use, income, and enjoyment" of all his property to his wife, the respondent Henrietta F. Dexter, during her life and directed his trustee (the petitioner) to pay her the "said income" during her life in quarterly payments, and empowered her to "dispose, by gift or by will, of any portion or all" of his property as she "may desire" and to take out for herself the "whole or any portion of the whole of . . . [his] estate that she may wish to take," and directed his trustee to deliver the same to her "discharged of all trusts."

By the fourteenth paragraph of the will the testator gave the residue of his estate to the petitioner in trust, to pay to his wife "during her lifetime the entire income from said fund in quarterly payments." The testator further provided that the fund remaining in the hands of the trustee after the death of his wife should be disposed of in substance as follows: He expressed a desire to establish a home for aged couples in Springfield, hoping that the residue of his estate, together with any amount that might be left by

his wife for a similar purpose, would be ample for that purpose. He provided that "If said fund shall prove to be not less than . . . $200,000," which he regarded as sufficient, his trustee, "if its judgment" coincided with his, should cause a corporation to be formed which, when organized, should purchase or erect a suitable building for a home for not less than six couples; and he authorized his trustee to pay over to the corporation when organized $50,000 "for the purchase and erection of a house," the balance of the "fund" to be held by his trustee, and directed that the income therefrom, or so much thereof as would be needed in any year, should be paid over to the corporation quarterly for the support and maintenance of the home, which was to be known as "The Eugene A. and Henrietta F. Dexter Home for Aged Couples."

In the event that the residue of his estate "coming into the possession" of his trustee should not, in the judgment of the latter, be sufficient to establish and maintain such a home, the testator made provisions for certain legacies to charitable corporations, other trusts, and ultimate distribution of the trust estate which it is unnecessary to narrate. There is nothing in the will that discloses any actual intent on the part of the testator with respect to the manner in which unproductive investments should be dealt with in the accounting of the trustee. See *Harvard Trust Co.* v. *Duke,* 304 Mass. 414, 416.

The trust estate received by the petitioner was appraised in its original inventory at the value of $968,305. The trust now consists of real and personal property having a book value of approximately $878,000. The widow of the deceased, hereinafter referred to as the respondent, "has not taken for herself any portion of the trust estate nor has she disposed of the trust estate held by . . . [the] petitioner by gift."

In view of the broad powers given by the will to the respondent, under which she is at liberty to "take out for herself the whole or any portion of the whole of . . . [the] estate that she may wish to take," we must assume that, in appearing in the present proceeding and arguing that

certain sums are payable to her out of the trust estate, she is presently not disposed to require those sums to be paid to her under the powers just referred to, but seeks their payment only if, apart from those powers, she would be entitled to them under the general principles governing trust accounting. We deal with the case on that basis.

On September 10, 1931, the petitioner invested $21,200 in a certificate of participation in a "first mortgage and mortgage note of David Goldbearg and William H. Cohen for $40,000 secured by real estate." The petitioner was the mortgagee in its own right. The trust investment in this mortgage was reduced on October 21, 1932, to $10,200, and the mortgagee issued a certificate of participation of $\frac{10,200}{40,000}$ reciting that it held that fractional interest in the mortgage and note for the benefit of the trust here involved. On January 25, 1934, the mortgage was foreclosed by sale and the property was bought in by the mortgagee. From that date until June 16, 1939, the property was operated by the mortgagee and during that period the net return was $464.89. On June 16, 1939, the petitioner, having title to the property (in its own right), sold it to one Clegg, receiving therefor $2,000 in cash and a "purchase-money first mortgage and mortgage note for $35,500." As a result the petitioner, as trustee, received $510 in cash and a $\frac{9,052.50}{35,500}$ certificate of participation in the mortgage back. The petitioner states that it would not now consider this mortgage a proper trust investment. If an apportionment is now made between principal and income the trustee will be required to pay to the respondent "a sum many times in excess of the cash so received by it."

The judge decreed that an apportionment should be made "according to the principles announced . . . in *Springfield Safe Deposit & Trust Co.* v. *Wade*," 305 Mass. 36; that if the application of said principles results in apportioning to income a larger sum than the sum realized in cash from the sale (and it does), the additional cash "necessary to consummate said apportionment to income shall be realized by the liquidation of an appropriate amount of the corpus

of the trust estate and the transfer thereof from principal to income." The judge further instructed the petitioner that the "so-called Clegg mortgage shall be held in the corpus of the trust estate." It may be observed that the decree was entered before the case of *McKechnie* v. *Springfield, ante,* 406, was decided.

Under the principles enunciated in that case, since the foregoing investment has not been fully liquidated in cash as in *Springfield Safe Deposit & Trust Co.* v. *Wade,* 305 Mass. 36, and no accurate final mathematical computation can be made upon which to decree an apportionment, and recourse cannot be had, as decreed by the judge, to other investments held, the "corpus of the trust estate," and the transfer of principal therefrom to income to satisfy the sum decreed as apportionable to the life beneficiary, it was error to decree an apportionment of the proceeds of the sale of the unproductive investment, and the petitioner properly should have been instructed that no apportionment thereof may be made until the salvage operation is completed. The trustee, moreover, should not have been instructed that the purchase money mortgage back "shall be held in the corpus of the trust estate" without qualification as to time. Since this mortgage admittedly is not a proper trust investment it is the duty of the petitioner to dispose of it as soon as it is fair and reasonable to do so. *Harvard Trust Co.* v. *Duke,* 304 Mass. 414, 418. Am. Law Inst. Restatement: Trusts, § 240. In the meantime all the proceeds of the sale of the original investment involved should be held in principal account.

The details of the second investment involved may be summarized as follows: On October 21, 1932, the petitioner as trustee invested $10,650 in a $\frac{10,650}{68,750}$ participation in a first mortgage and mortgage note of one Maloney for $68,750, "secured by real estate." The petitioner was the mortgagee in its own right and not as trustee. Sometime in 1934 the mortgagee entered the premises for the purposes of foreclosure and operated them at a loss until October 13, 1939, when the mortgage was foreclosed by a sale at which the mortgagee acquired the property for $43,000. This resulted in a deficiency of $49,123.42, which included

all net expenses incurred by the mortgagee in the operation and foreclosure of the property, and $20,319.45 interest from the date of default (January 1, 1934) to the date of the foreclosure sale, less a certain amount of interest received by the mortgagee on April 12, 1934. Subsequently the mortgagee recovered the amount of the deficiency from a person who had guaranteed the payment of the mortgage note. In consequence the petitioner received for the trust estate $7,609.66 as its proportion of the amount recovered, and a certificate that the trust company held for the petitioner's benefit as trustee of the estate a fractional interest, $\frac{10,650}{68,750}$, in the real estate. The judge found that the operating costs of this real estate exceed the income therefrom, and that he could not fix its value under present conditions. In the decree entered by him he instructed the petitioner that $3,147.67 of the $7,609.66 received by it on account of its participation in the Maloney mortgage constituted interest, "being the petitioner's proportionate share of the defaulted interest" which had been "collected in cash as part of the deficiency resulting from the foreclosure," and that the petitioner credit to principal $473.08 theretofore advanced from principal to pay expenses in connection with the property, and that it transfer to the income account $3,147.67 and the balance of $3,988.91 to principal.

There was no error in the final result reached by the judge with reference to that investment, since the amount decreed to be payable to the life beneficiary actually represented, not a part of the principal of the trust estate, but interest collected on the investment, having been recovered as such from the guarantor of the mortgage note, as before set forth. No question of apportionment between capital and income is therefore involved. The amount recovered from the guarantor comprised not only the deficiency on account of the principal of the defaulted mortgage note, but also the accrued interest on the mortgage debt from the date of default to the date of foreclosure. This interest was not a part of the capital of the trust estate but was properly creditable to those entitled to the

income therefrom.  We think that the present case stands as though the investment under discussion had not become unproductive until the date of the foreclosure sale, at which time the guarantor satisfied the interest which had then accrued on the investment as well as the capital deficiency upon foreclosure.  Had that interest been paid in due course the life beneficiary would have received it.  That it was paid when overdue does not affect her right to receive it now.  We think that the doctrine of apportionment of the proceeds of sale of an unproductive trust investment is confined properly to cases of such sale where the consideration is received as a whole without distinction between capital and income and is therefore treated as containing both of these elements and apportionment is to be made upon the completion of the salvage operation in accordance with the principles to which reference has already been made.  See *Harvard Trust Co.* v. *Duke,* 304 Mass. 414; *Springfield Safe Deposit & Trust Co.* v. *Wade,* 305 Mass. 36; *McKechnie* v. *Springfield, ante,* 406;  Am. Law Inst. Restatement: Trusts, § 241;  Scott, Trusts, §§ 241, 241.1.

So far as interest on the mortgage debt was recovered in the instant case as such the life beneficiary is entitled to that portion of it received by the trustee.  As to the consideration received by the petitioner on account of principal in cash and by the acquisition of the real estate by which the mortgage was secured the salvage operation has not been completed.  The judge found that the operating expenses of the real estate exceed the income thereon, and also found the existence of other conditions adversely affecting its "worth" tending to show that the real estate itself is not a proper trust investment.  It follows that there is presently no true basis for a computation of an apportionment of the proceeds of sale of the investment between capital and income and that apportionment must await the completion of the salvage operation and the sale of the real estate, in accordance with the duty of the trustee as soon as a fair sale can be made.  *Harvard Trust Co.* v. *Duke,* 304 Mass. 414, 418.  *McKechnie* v. *Springfield, ante,* 406.  The judge was right in confining payments to

the life beneficiary to the interest accrued on the investment which was recovered by the trustee as such interest.

The decree entered by the judge is to be modified by striking out the instructions given the trustee as to the Goldbearg-Cohen mortgage, and by instructing the trustee instead that no apportionment may now be made of the proceeds of the sale of that investment, and that the trustee is to hold all the proceeds in the principal account until the salvage operation is completed. As so modified the decree entered in the Probate Court is affirmed, and costs and expenses of this appeal may be allowed to the respondent or her counsel and to the guardian ad litem out of the trust estate in the discretion of that court.

*Ordered accordingly.*