ATTORNEY GENERAL *vs.* CITY OF WOBURN.

Middlesex.   December 7, 1944. — January 2, 1945.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Contract,* Of employment.  *School and School Committee.  Gift.  Municipal Corporations,* Municipal finance.  *Words,* "Bonus."

A grant of a "bonus" of a certain amount by a vote of a school committee to each of the employees of the school department for the year 1944 was in the circumstances a grant of an increase in the employee's compensation for that year and therefore valid, and was not a grant of a gratuity, which would have been invalid.

PETITION, filed in the Superior Court on May 26, 1944.

The case was heard by *Forte,* J.

*J. F. Bacigalupo,* Assistant Attorney General, for the petitioner.

*J. H. Gorrasi,* for the respondent.

RONAN, J.   This is an appeal by the Attorney General from a final decree dismissing a petition brought under G. L. (Ter. Ed.) c. 71, § 34, as appearing in St. 1939, c. 294, to have determined an alleged deficiency of $29,500 in the amount appropriated by the city for the support of the public schools for the year 1944, and to compel the city to provide the amount of this deficiency together with twenty-five per cent thereof, as provided for in the said statute.

The evidence is reported and the judge filed findings of fact.  We now summarize those facts together with others which we find for ourselves.  *Lowell Bar Association* v. *Loeb,* 315 Mass. 176, 178.  *Cooperstein* v. *Bogas, ante,* 341, 345.  A request from the Woburn Teachers Association and from the matrons, janitors and nurses for an increase in salary came before the school committee on January 6, 1944, and was referred to the subcommittee on finance and rules, together with an estimate prepared by the superintendent of schools of the expenditures required for 1944 by the school department, which showed a salary account

of $266,821.94 and a total sum of $302,994.91. It was the duty of the superintendent to draft such an estimate and present it to each member of the committee. The committee at its meeting on January 11, 1944, heard and accepted the report of the subcommittee on finance and rules which made the following recommendations: that a $200 "bonus" be granted to all full-time employees and a $100 "bonus" be granted to all part-time employees of the school department for the year 1944; that an expense allowance of $200 be granted the superintendent of schools; that the estimate referred to this subcommittee be revised to include the sums above mentioned in the salary account in the amount of $29,300, making a total salary estimate for 1944 of $296,121.94; and that the nonsalary item as set forth in the estimate be revised to read $36,372.97, making a total school department estimate of $332,494.91 for 1944. The full committee then voted that this last mentioned sum be approved as the estimate of the school department for 1944, and that a $200 "bonus" be granted to all "regular" employees, and a $100 "bonus" be granted to all "part-time" employees, of the school department for 1944. Various other items recommended by the subcommittee were separately voted on and passed by the full committee. The estimate of the expenses of the school department, revised in consequence of the said votes of the committee, was drafted by the superintendent and offered to the mayor. This estimate contained a column headed "Increase (Temporary)" which showed the increase of $200 to "regular" employees and $100 to part-time employees and showed a total temporary increase for 1944 amounting to $29,300. It also showed the item of $200 for the expense account which was voted to the superintendent. After the mayor refused to accept the estimate, the school committee at its meeting on February 11, 1944, voted that each member of the city council be furnished with an exact copy of the estimate that was forwarded to the mayor. The budget as passed by the city council did not include the sum of $29,300 which was the total required to pay the $200 and the $100 voted by the committee to the "regular" and part-

time employees of the department. Neither did it include the $200 expense allowance for the superintendent. The judge found that the members of the committee advisedly and intentionally refrained from using such language as "increase in salaries for 1944" or "temporary increase in salaries"; and that the word "bonus" was employed to increase the salaries temporarily and only for the year 1944, and with the intent to give the employees to understand that the additional payments were not to be considered as increases in salary. He ruled that public funds cannot be appropriated for an expenditure that is in essence a gift, and that it was beyond the power of the committee to grant the "bonuses."

The only issue presented is whether the vote of the committee is to be interpreted as a grant of additional salaries for 1944 or as a gratuity to the employees of the school department. If the vote means the former, then no one contends that the action taken by the committee was not sufficient to increase the salaries, *Hayes* v. *Brockton,* 313 Mass. 641; *O'Brien* v. *Pittsfield,* 316 Mass. 283, but if the vote means the latter, then no one contends that it was not invalid. *Whittaker* v. *Salem,* 216 Mass. 483. *Connor* v. *Haverhill,* 303 Mass. 42.

Bonus is a word of flexible meaning. It is true that it is sometimes used in the sense of a gift or gratuity, but it is also true that it is commonly used to denote an increase in salary or wages in contracts of employment. The offer of a bonus is the means frequently adopted to secure continuous service from an employee, to enhance his efficiency and to augment his loyalty to his employer, and the employee's acceptance of the offer by performing the things called for by the offer binds the employer to pay the bonus, so called. A promise to pay a bonus was held in *Zampatella* v. *Thomson-Crooker Shoe Co.* 249 Mass. 37, to be a part of the contract of service and not an offer of a mere gratuity. That is in accord with the decisions in other jurisdictions. *Kenicott* v. *Supervisors,* 16 Wall. 452, 471. *Payne* v. *United States,* 269 Fed. 871. *Bass* v. *Hawley,* 62 Fed. (2d) 721. *Levey* v. *Helvering,* 68 Fed. (2d) 401. *Michigan Crown*

*Fender Co.* v. *Welch,* 211 Mich. 148. *Roberts* v. *Mays Mills,* 184 N. C. 406. *Young* v. *United States Mortgage & Trust Co.* 214 N. Y. 279. *LaJuett* v. *Coty Machine Co. Inc.* 153 Misc. (N. Y.) 410. *Girard* v. *Case Brothers Cutlery Co.* 225 Penn. St. 327. *Bay City Lumber Co.* v. *Anderson,* 8 Wash. (2d) 191. *Johnson* v. *Fuller & Johnson Manuf. Co.* 183 Wis. 68.

All questions of law, fact and discretion are open for our decision upon this appeal. We can make findings different from those made by the judge if his findings appear to be plainly wrong. He found that the school committee intended to grant an increase in salaries for the year 1944. But he also found that the committee employed the word "bonus" in order to have the employees understand that the additional payments were not salary increases. Whatever may have been the purpose of the committee in using the word "bonus," in so far as the employees were concerned, we think that the only proper inference that can be drawn from the testimony, including the departmental estimate tendered to the mayor and furnished to the members of the city council, and from the findings of the basic facts, is that the committee intended to grant, but only for the year 1944, an increase in the compensation of the employees of the school department. *Malone* v. *Walsh,* 315 Mass. 484. *New England Trust Co.* v. *Commissioner of Corporations & Taxation,* 315 Mass. 639. *Swinford* v. *Welch,* 316 Mass. 112. *Distasio* v. *Surrette Storage Battery Co.* 316 Mass. 133. *MacLennan* v. *MacLennan,* 316 Mass. 593.

It follows that the final decree dismissing the petition must be reversed. A final decree is to be entered ordering the city and all its officers whose action is necessary thereto to provide in the manner required by G. L. (Ter. Ed.) c. 71, § 34, as appearing in St. 1939, c. 294, the sum of $29,500, the amount of the deficiency in the appropriation for school purposes for the year 1944, plus twenty-five per cent thereof.

*So ordered.*