COMMISSIONER OF CORPORATIONS AND TAXATION *vs.* ADA RATHBONE.

Suffolk.   May 7, 1947. — May 28, 1947.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Taxation,* Income tax.   *Interest.*   *Bond,* Interest.

An amount received by the holder of bonds of a railroad corporation on account of interest coupons which had been overdue and attached to the bonds when they were bought by him was taxable as "interest from bonds" within G. L. (Ter. Ed.) c. 62, § 1 (a), notwithstanding that he had bought both the bonds and the overdue coupons for a flat price and that the amount so received on the coupons was less than the purchase price.

APPEAL from a decision by the Appellate Tax Board.

*W. G. Perrin*, Assistant Attorney General, (*R. J. Cotter, Jr.*, Assistant Attorney General, with him,) for the Commissioner of Corporations and Taxation.

*A. F. Richard*, for the taxpayer.

RONAN, J. This is an appeal by the commissioner of corporations and taxation from a decision of the Appellate Tax Board granting an abatement of that portion of the income tax that had been assessed upon the receipt by the taxpayer in 1942 of certain payments made by railroad companies on account of interest coupons which were overdue and were attached to their bonds when they were purchased by the taxpayer in 1941 and 1942. These bonds were purchased at a flat price or a lump sum, which included both the principal of the bonds and the defaulted coupons, and not at a certain price for the bonds plus an additional amount for the accrued interest. See *Hemenway* v. *Hemenway*, 134 Mass. 446, 447, 448. The amounts which she received being substantially less than the purchase price, the taxpayer contends that these payments were not income but partial returns of a capital investment. The commissioner, on the other hand, contends that these payments were interest on bonds and were taxable income.

These coupons represented the compensation that the companies agreed to pay for the use of the money lent to them as evidenced by the bonds, and the amounts paid upon surrender of the coupons were interest upon the principal. Compensation which one agrees to pay to another for money lent to him is usually regarded as interest in ordinary business transactions, *Corcoran* v. *Henshaw*, 8 Gray, 267, 278, *Granger* v. *Pierce*, 112 Mass. 244, *Cochran* v. *Boston*, 211 Mass. 171, 173, *Foley* v. *Flaherty*, 278 Mass. 134, 137; and in common speech the receipt of interest denotes the receipt of income. *Sargent* v. *Sargent*, 103 Mass. 297. *Heard* v. *Eldredge*, 109 Mass. 258. *Dexter* v. *Phillips*, 121 Mass. 178. *Adams* v. *Adams*, 139 Mass. 449. *Old Colony Trust Co.* v. *Comstock*, 290 Mass. 377. *Union Trust Co.* v. *Dexter*, 311 Mass. 737, 742.

The pertinent statute, G. L. (Ter. Ed.) c. 62, § 1 (a),

recognizes this common relationship between interest and income, and provides, in so far as now material, for a tax upon the receipt of "Interest from bonds, notes, money at interest and all debts due the person to be taxed." The receipt of interest from any of these enumerated sources by an inhabitant of the Commonwealth is the taxable event. The amounts in question were paid by the railroad companies on account of the defaulted interest coupons on their bonds and were so received by the taxpayer. The transactions come within the express terms of § 1 (a). *Goldman* v. *Tax Commissioner*, 230 Mass. 554, 556. *Holcombe* v. *Commissioner of Corporations & Taxation*, 245 Mass. 353. *Hayes* v. *Commissioner of Corporations & Taxation*, 261 Mass. 134, 136. *Wolbach* v. *Commissioner of Corporations & Taxation*, 268 Mass. 365. *Sayles* v. *Commissioner of Corporations & Taxation*, 286 Mass. 102, 104, 105. *Nichols* v. *Commissioner of Corporations & Taxation*, 314 Mass. 285, 291. *Commissioner of Corporations & Taxation* v. *Williston*, 315 Mass. 648, 649.

The facts that the bonds with the overdue coupons were purchased at a flat price and that the payments of interest did not exceed the cost of the bonds, if material under the Federal income tax statute, *Clyde C. Pierce Corp.* v. *Commissioner of Internal Revenue*, 120 Fed. (2d) 206; *Hewitt* v. *Commissioner of Internal Revenue*, 30 B. T. A. 962, as the taxpayer urges, are not important under G. L. (Ter. Ed.) c. 62, § 1 (a), which is based entirely upon the receipt of the interest from the bonds and not upon the fact that the purchase price cannot be apportioned between principal and interest, or upon the fact that the bonds have not been sold and no gain has as yet been realized by the taxpayer. This last consideration would, of course, be decisive if an attempt were made to impose a tax under G. L. (Ter. Ed.) c. 62, § 5 (c), as appearing in St. 1935, c. 481, § 1. We are dealing with a tax on interest and not on the profits from a sale. Under the revenue act of 1928, § 202 (a), Act of May 29, 1928, c. 852, § 202 (a), 45 U. S. Sts. at Large, 791, 842, requiring insurance companies to include interest in their gross income, it was held that a company which foreclosed a

mortgage by bidding it in at an amount equal to the principal and accrued interest had received interest taxable as income even though the property was worth less than the amount of the principal; and it was said that "Where the legal effect of a transaction fits the plain letter of the statute, the tax is held payable, unless there is clearly revealed in the Act itself or in its history a definite intention to exclude such transactions from the operation of its applicable language." *Helvering* v. *Midland Mutual Life Ins. Co.* 300 U. S. 216, 224. General Laws (Ter. Ed.) c. 62, § 1 (a), makes the receipt of all interest taxable income excepting interest from certain bonds, notes and loans. The bonds of a railroad company are not within this exception. The only return of capital that is exempt from the operation of this section is the distribution of capital by a corporation as provided in said section by paragraph (g). Of course, we cannot read into this section an exemption of the interest of bonds unless the interest received exceeded the purchase price of the bonds. *Animal Rescue League of Boston* v. *Assessors of Bourne*, 310 Mass. 330, 332. *Boston* v. *Quincy Market Cold Storage & Warehouse Co.* 312 Mass. 638, 654.

Our income taxing system is not a general income tax law like the Federal system, but is rather a series of taxing statutes on different classes of income with permissible deductions for each class, the tax on each class being to a large extent separate and distinct from the taxes imposed upon the other classifications. As stated in *Commissioner of Corporations & Taxation* v. *Hornblower*, 296 Mass. 201, 205, our income tax law "provides for separate taxes at different rates upon income from various sources." *Commissioner of Corporations & Taxation* v. *Adams*, 316 Mass. 484, 488. Liability for the tax under such a taxing system depends in the main upon the receipt of income from any classified source less the authorized deductions rather than upon the excess of gross income from all sources over all deductions, losses and expenses.

It has been said that the legislative history of our income tax law manifests a legislative intent to tax all income within the power of the Legislature to include in the taxable

field, and that exemptions from the tax are not to be easily implied. *Follett* v. *Commissioner of Corporations & Taxation,* 267 Mass. 115. *Harrison* v. *Commissioner of Corporations & Taxation,* 272 Mass. 422. *Brink* v. *Commissioner of Corporations & Taxation,* 299 Mass. 280. *Commissioner of Corporations & Taxation* v. *Dalton,* 304 Mass. 147. We see nothing that brings the assessment of the tax upon these interest payments outside that field, and the decision must be for the commissioner with costs.

*So ordered.*