SARA DEAN ROBERTS WOLCOTT vs. STATE TAX COMMISSION.

Suffolk.    October 5, 1960. — November 14, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, &
CUTTER, JJ.

*Taxation,* Income tax.

By reason of the separate classifications of income for the purposes of
the income tax in G. L. c. 62, a loss from business cannot be offset
against taxable capital gains or taxable dividends.   [411]

A taxpayer in an income tax return filed under G. L. c. 62 was not entitled
to apply against the taxes due on capital gains or dividends an amount
calculated by multiplying the amount of a loss from business by the
tax rate on business income.   [411–412]

In calculating a taxpayer's income "from all sources, both taxable and
nontaxable," for the purposes of the income tax exemption provided
by G. L. c. 62, § 1 (h), § 5 (f), inserted by St. 1954, c. 679, §§ 2, 5, the
exemption against business income allowed by § 5 (b), as amended
through St. 1954, c. 679, § 4, cannot be taken into account.   [412]

APPEAL from a decision by the Appellate Tax Board.

*Sara D. R. Wolcott,* pro se, submitted a brief.

*Pasquale J. Piscitelli,* for State Tax Commission.

CUTTER, J.    The taxpayer has appealed from a decision
of the Appellate Tax Board sustaining the State tax com-
mission's refusal to abate additional income taxes[1] assessed
to her for 1955 and 1956.

The taxpayer in her 1955 return reported business gross
receipts of $35.13, and a net loss from business of $1,812.08,

---

[1] The provisions of G. L. c. 62, applicable in 1955 and 1956, were: *Tax on
dividends,* § 1 (b), as amended through St. 1945, c. 735, § 1; *exemption ap-
plicable to dividend income,* § 1 (h), added by St. 1954, c. 679, § 2, which must
be read with c. 62, § 5 (f) and (g), as added by § 5 of the 1954 statute; *tax
on business income,* § 5 (b), as amended through St. 1954, c. 679, § 4; *tax on
gains,* § 5 (c), as amended through St. 1935, c. 481, § 1; *deductions from busi-
ness income,* § 6, especially (a), as amended through St. 1955, c. 780, § 2.    It
is necessary to state only portions of these sections.    Section 1 reads in part,
"On the amount by which the income . . . described in subsection . . . (b)
. . . received by any inhabitant . . . during the preceding calendar year ex-
ceeds the exemption claimed under subsection (h) there shall be . . . assessed
. . . a tax at the rate of six per cent. . . .    (h) The exemption which may be
claimed against income described in the first sentence of this section shall be
the excess of the exemption provided in subsection (f) of section five over the
amount of the income from annuities [in this case zero in 1955 and 1956]."

Wolcott *v.* State Tax Commission.

to which she added $2,000, the maximum business income exemption granted to a widow without dependents under G. L. c. 62, § 5 (b), producing a minus figure of $3,812.08. She also reported gains, taxable under G. L. c. 62, § 5 (c), of $5,215.72 and income from dividends of $1,691.66, under § 1 (b), as amended. She computed her 1955 income tax as follows:

| Class of Income | Taxable Income | | Tax Rate | Tax |
|---|---|---|---|---|
| Business income | —$3,812.08 | @ | 2½% | —$95.30 |
| Gains | 5,215.72 | @ | 6% | 312.93 |
| Interest and dividends after claimed $1,000 exemption, see G. L. c. 62, §§ 1 (h) and 5 (f) | 696.42[2] | @ | 6% | 41.78 |
| | Normal tax | | | $254.71[2] |
| | Plus 23% surtax | | | 59.66 |
| | Total tax per return | | | $314.37 |

The commission assessed an additional tax of $207.11 computed as follows:

| Class of Income | Taxable Income | | Tax Rate | Tax |
|---|---|---|---|---|
| Business income | Zero | | | |
| Gains | $5,215.72 | @ | 6% | $312.94 |
| Dividends | $1,691.66 | @ | 6% | 101.50 |
| | Normal tax | | | $414.44 |
| | 23% Surtax | | | 95.32 |
| | Tax per commission | | | $509.76 |

Section 5 reads in part, ''Income of the following classes received by any inhabitant . . . during the preceding calendar year shall be taxed as follows: . . . (b) The excess of the income derived from professions, employment, trade or business as defined in section six over the exemption provided in the second . . . sentence of this subsection . . . shall be taxed at the rate of one and one half per cent per annum. In the case of a single person . . . the exemption allowable under this subsection shall be two thousand dollars. . . . (f) An exemption shall be allowed against income from annuities in the amount of one thousand dollars. . . . No exemption shall be allowed under this subsection to any unmarried inhabitant whose income during the preceding calendar year from all sources, both taxable and nontaxable, exceeded five thousand dollars . . . .'' A related section of c. 62, not here applicable, is § 8 (as amended through St. 1951, c. 800, § 5) especially subsec. (a). Some of the sections referred to above have been affected by other amendments not here relevant.

[2] The record does not explain the discrepancy between the figure $696.42 and the dividends of $1,691.66 shown in the return less the erroneously claimed $1,000 exemption, or the apparent mistake in addition in the taxpayer's tax computation.

which, *less* the payment of $314.37 made with the return and *plus* interest of $11.72, produced the additional assessment of $207.11. The commission disallowed the $1,000 exemption claimed by the taxpayer against her dividend income on the ground that the taxpayer's total 1955 income from all sources was in excess of $5,000. See G. L. c. 62, § 5 (f), quoted in footnote 1, *supra.*

In her 1956 return, similar computations were made by the taxpayer on the basis of her somewhat different income figures for that year. Again the commission assessed an additional tax. It allowed, however, the $1,000 exemption, under G. L. c. 62, §§ 1 (h) and 5 (f), against dividend income, because the taxpayer's 1956 income from all sources did not amount to $5,000.

1. The taxpayer's principal contention is that she is entitled to apply 2½% of her business loss (computed in accordance with G. L. c. 62, § 5 [b], and related sections of the tax statute), sustained by her in each such year, respectively, against the taxes due from her (a) under G. L. c. 62, § 5 (c), on her net capital gains, and (b) under G. L. c. 62, § 1 (b), on her dividends received in such year.

The Massachusetts income tax is not a general income tax, but a series of separate taxes imposed upon specified separate classes of income, pursuant to art. 44 of the Amendments to the Constitution of the Commonwealth. See historical discussion in Nichols, Taxation in Massachusetts (3d ed.) 463–472, 486; 1916 House Doc. No. 1700, p. 37 et seq. The tax imposed upon business income by G. L. c. 62, § 5 (b), computed with reference to deductions applicable only to business income (see *Commissioner of Corps. & Taxn.* v. *Hornblower,* 296 Mass. 201, 205–206; *Commissioner of Corps. & Taxn.* v. *Adams,* 316 Mass. 484, 486–489), is separate from the tax upon dividends imposed by § 1 (b), and from the tax upon net capital gains imposed by § 5 (c). See *Commissioner of Corps. & Taxn.* v. *Rathbone,* 321 Mass. 312, 315. No provision of the statute permits any direct offsetting of business losses against taxable capital gains or taxable dividends. Moreover, we find no provision author-

izing such an offset indirectly by the complicated method which the taxpayer has attempted to use.

2.  It is not clear from her brief (see Rule 13 of the Rules for the Regulation of Practice before the Full Court [1952], 328 Mass. 698) that the taxpayer still contends that in 1955 she was improperly denied the $1,000 exemption from dividend income under G. L. c. 62, §§ 1 (h) and 5 (f). In any event, she was not entitled to it. Her aggregate "income" in that year "from all sources" is shown by this record to have been in excess of $5,000. This circumstance, by the terms of § 5 (f), would deny her the exemption. She had taxable gains of $5,215.72 and taxable dividends of $1,691.66, a total of $6,907.38. We need not decide whether her net business loss of $1,812.08 in that year can be taken into account at all in computing her net income "from all sources" within the meaning of the statute, for the total of $6,907.38 is more than $5,000 in excess of her business loss, exclusive of any exemption. No provision of § 5 (b) or § 6 suggests that the $2,000 exemption allowed to the taxpayer against business income by § 5 (b) is properly to be taken into account in determining her "income . . . from all sources, both taxable and nontaxable," for the purposes of § 5 (f). As in the case of other exemptions, it is to be allowed only where its application "falls clearly and unmistakably within the express words of a legislative command." *State Tax Commn.* v. *Blinder*, 336 Mass. 698, 703.

3.  The decision of the Appellate Tax Board is affirmed.

*So ordered.*