EARL J. WATT & others *vs.* TOWN OF CHELMSFORD.

Middlesex.   December 6, 7, 1948. — February 8, 1949.

Present: LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*School and School Committee. Municipal Corporations,* Municipal finance.
*Equity Jurisdiction,* Support of public schools. *Equity Pleading and
Practice,* Decree, Proceeding respecting support of public schools.

The remedy provided by G. L. (Ter. Ed.) c. 71, § 34, as appearing in
St. 1939, c. 294, respecting deficiencies in appropriations for the sup-
port of public schools, applies to towns as well as to cities.

A refusal by a town to appropriate at its annual town meeting in a certain
year the entire amount duly estimated and requested by the school
committee as necessary for the support of the public schools for that
year "as required by" G. L. (Ter. Ed.) c. 71, as amended, was not in
effect a referendum nullifying the estimates and requests of the school
committee to the extent of the deficiency in the appropriation.

The facts, that the school committee of a town duly submitted to the
town its "itemized estimates and requests for an appropriation of" a
stated aggregate amount for the support of the public schools for a
certain year "as required by G. L. (Ter. Ed.) c. 71," as amended, and
that at the time of making its annual appropriations for that year the
town refused to include in the appropriation for the support of the
public schools certain items in such estimates and requests, and appro-
priated for the support of the public schools for that year an amount
which was a certain sum less than the aggregate amount estimated and
requested by the school committee, established that there was, within
G. L. (Ter. Ed.) c. 71, § 34, as appearing in St. 1939, c. 294, a defi-
ciency in appropriation to the extent of the sum so excluded, and
required application of the remedy provided by said § 34.

In a proceeding under G. L. (Ter. Ed.) c. 71, § 34, as appearing in St.
1939, c. 294, respecting a deficiency in the public school appropriation
of a town for the year 1947, a decree entered in 1948 before the tax
rate for 1948 had been fixed should have provided that the amount
of the deficiency, together with an additional twenty-five per cent
thereof, be raised by borrowing, not by taxation, and that the addi-
tional twenty-five per cent be held by the town as a separate account
to be applied to meet the public school appropriation for 1948.

PETITION, filed in the Superior Court on May 3, 1947.

The case was heard by *Dowd,* J., upon an agreed state-
ment of facts.

The seventh and eighth paragraphs of the petition, the allegations of which were admitted in the respondent's answer, were as follows: "7. That the school committee of the respondent town of Chelmsford duly submitted to the respondent town of Chelmsford its itemized estimates and requests for an appropriation of the amount of . . . $218,712 for the support of the public schools in Chelmsford for the year 1947 as required by G. L. (Ter. Ed.) c. 71 and acts in amendment thereof and in addition thereto. 8. That at the time of making its annual 1947 appropriations the respondent town of Chelmsford refused to include and did not include in the appropriation for the support of the public schools certain items in the estimates and requests of the school committee referred to in paragraph 7."

The agreed facts included the following: "At the time of making its annual appropriations for the year 1947 and since that time the respondent town of Chelmsford has refused to include and has not included in the appropriation for the support of the public schools certain items in the estimates and requests of the school committee, appropriating for the support of the public schools in Chelmsford for the year 1947 an amount $13,591.65 less than the amount estimated and requested by the school committee."

The tenth paragraph of the petition, the allegations of which were denied in the respondent's answer, was as follows: "10. That the amount of money appropriated by the respondent town of Chelmsford for the support of the public schools of the said town of Chelmsford for the year 1947 is insufficient for the support of said public schools as required by G. L. (Ter. Ed.) c. 71 and acts in amendment thereof and in addition thereto."

G. L. (Ter. Ed.) c. 71, § 34, as appearing in St. 1939, c. 294, is as follows: "Every city and town shall annually provide an amount of money sufficient for the support of the public schools as required by this chapter. Upon petition to the superior court, sitting in equity, against a city or town, brought by ten or more taxable inhabitants thereof, or by the mayor of a city, or by the attorney general, alleging that the amount necessary in such city or town for the

support of public schools as aforesaid has not been included in the annual budget appropriations for said year, said court may determine the amount of the deficiency, if any, and may order such city and all its officers whose action is necessary to carry out such order, or such town and its treasurer, selectmen and assessors, to provide a sum of money equal to such deficiency, together with a sum of money equal to twenty-five per cent thereof. When such an order is made prior to the fixing of the annual tax rate the foregoing sums shall be required by such order to be provided by taxation in the manner set forth in section twenty-three of chapter fifty-nine; and when such an order is made after the annual tax rate has been fixed according to law such sums shall be required by such order to be provided by borrowing in the same manner and for the same period of time as is provided under clause (11) of section seven of chapter forty-four in the case of final judgments, subject to all other applicable provisions of chapter forty-four, except that, in the case of a town, such borrowing shall be made by the town treasurer, with the approval of a majority of the selectmen, and no vote of the town shall be required therefor. Said court may order that the sum equal to the deficiency be appropriated and added to the amounts previously appropriated for the school purposes of such city or town in the year in which such deficiency occurs and may order that the amount in excess of the deficiency be held by such city or town as a separate account, to be applied to meet the appropriation for school purposes in the following year."

*F. M. Qua,* for the respondent.

*A. K. Carey,* for the petitioners.

LUMMUS, J. This is a petition by more than ten taxable inhabitants of Chelmsford, under G. L. (Ter. Ed.) c. 71, § 34, as it appears in St. 1939, c. 294, to determine the amount of the deficiency in the amount appropriated for the support of public schools for 1947, and to require the town of Chelmsford to provide a sum of money equal to the deficiency, together with a sum equal to twenty-five per cent thereof. The case was submitted to the Superior

Court upon agreed facts. The school committee submitted to the town its itemized estimates, requesting an appropriation of $218,712 for the support of public schools in Chelmsford for the year 1947, but the town at its annual town meeting held on March 10, 1947, refused to include in the appropriation certain items amounting to $13,591.65, which was approximately the amount of salary increases for teachers and janitors.

The judge found in accordance with the agreed facts that the deficiency in the appropriation for 1947 was $13,591.65, and entered a final decree establishing the deficiency at that amount, and ordering the town and its officers to provide by taxation money to meet that deficiency, together with twenty-five per cent thereof in addition. The respondent town appealed.

The school committee of a city or town has the absolute right to fix the salaries of public school teachers. *Batchelder* v. *Salem,* 4 Cush. 599. *Charlestown* v. *Gardner,* 98 Mass. 587. *Leonard* v. *School Committee of Springfield,* 241 Mass. 325. *Decatur* v. *Auditor of Peabody,* 251 Mass. 82. *Callahan* v. *Woburn,* 306 Mass. 265. *O'Connor* v. *Brockton,* 308 Mass. 34. *Ring* v. *Woburn,* 311 Mass. 679. *Hayes* v. *Brockton,* 313 Mass. 641. *O'Brien* v. *Pittsfield,* 316 Mass. 283. *James* v. *Mayor of New Bedford,* 319 Mass. 74, 75. The same is true of the salaries of school janitors. *Ring* v. *Woburn,* 311 Mass. 679. *Hayes* v. *Brockton,* 313 Mass. 641.

The respondent town contends that the remedy provided by G. L. (Ter. Ed.) c. 71, § 34, as appearing in St. 1939, c. 294, applies only to cities and not to towns. But the statute cited imposes the duty upon "Every city and town," and gives the remedy "against a city or town." Originally, the statutory word was "town," and that word was broadened by construction to include a city. *Decatur* v. *Auditor of Peabody,* 251 Mass. 82, 88. *School Committee of Lowell* v. *Mayor of Lowell,* 265 Mass. 353, 356. In our decisions, we have not distinguished between the obligations of cities and those of towns in the maintenance of schools. For example, in *Ring* v. *Woburn,* 311 Mass. 679, this court speaks of "the duty that is imposed upon every city and

town" (page 682), and on page 691 it declares that "Towns must provide the money necessary for the support of public schools, as required by § 34 of said c. 71." We cannot accept the proposition that the statute applies to cities only.

The respondent town asserts that under the case of *Gorman* v. *Peabody*, 312 Mass. 560, the refusal of the town to appropriate the requested money was in substance a decision of the voters by way of referendum. But in the present case, unlike the case cited, no specific measure was submitted to the voters. And if the refusal to appropriate were deemed to preclude the remedy sought in this case; the effect would be to deny all remedy in the case of towns, for in towns the voters themselves make the appropriations at town meetings.

The statute under which this petition is brought provides for a determination of the deficiency of the appropriations to cover the "amount necessary . . . for the support of public schools." The respondent town contends that the petitioners must prove that the sums requested by the school committee were for purposes required by G. L. (Ter. Ed.) c. 71. But the respondent town admitted the truth of the allegations in paragraph 7 of the petition, which alleged that "the school committee of the respondent town of Chelmsford duly submitted to the respondent town of Chelmsford its itemized estimates and requests for an appropriation of the amount of two hundred eighteen thousand seven hundred twelve ($218,712) dollars for the support of the public schools in Chelmsford for the year 1947 as required by G. L. (Ter. Ed.) c. 71 and acts in amendment thereof and in addition thereto." And it is agreed that the respondent town has refused to include in its appropriations for the support of public schools $13,591.65 of the amount estimated and requested by the school committee. We think the admitted allegations and findings make a case for the petitioners.

The final decree was entered on July 1, 1948, and ordered the respondent town and its officials to meet the deficiency by taxation. The tax rate for 1947 had been fixed, but

that for 1948 had not. We think that the order should have been to meet the deficiency by borrowing, as provided in G. L. (Ter. Ed.) c. 71, § 34, as it appears in St. 1939, c. 294. And we think that under that section the order should be that the additional sum equal to twenty-five per cent of the deficiency be held by the town as a separate account to be applied to meet the appropriations for school purposes in the following year, as provided in that section. The final decree is to be modified accordingly, and as so modified is

*Affirmed with costs.*