ATTORNEY GENERAL *vs.* TOWN OF WARE.

Hampshire.    September 19, 1951. — November 2, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*School and School Committee. Municipal Corporations,* Municipal finance. *Laches. Equity Jurisdiction,* Laches. *Evidence,* Best and secondary.

A finding that within G. L. (Ter. Ed.) c. 71, § 34, as appearing in St. 1939, c. 294, there was a "deficiency" in the appropriations of a town for the support of its public schools for a certain year was justified where the amount appropriated for teachers' salaries was less than that estimated in the budget submitted by the school committee, notwithstanding that the school committee also estimated in its budget and the town appropriated as a separate item a sum for transportation of pupils which it was not mandatory upon the town to appropriate and which was larger than the difference between the appropriation and the estimate for teachers' salaries.

Laches was not a defence to a suit in equity commenced in November by the Attorney General against a town under G. L. (Ter. Ed.) c. 71, § 34, as appearing in St. 1939, c. 294, to establish an alleged deficiency in the public school appropriations voted by the town at its annual meeting the preceding February.

Upon undisputed testimony, at the trial of a suit in equity under G. L. (Ter. Ed.) c. 71, § 34, as appearing in St. 1939, c. 294, to establish an alleged deficiency in the public school appropriations voted by a town for a certain year, that the original of the itemized estimates for that year submitted by the school committee to the town was in the hands of the chairman of the appropriation committee at the time of the trial, it was error for the judge to admit as proof of such estimates a document whose source did not appear and which was not shown to be a duplicate original of the estimates or a copy thereof within G. L. (Ter. Ed.) c. 233, § 76, testimony by the town clerk as to

the total amount asked by the school committee at the town meeting and as to what he had certified in respect thereto, a letter to the Attorney General from the members of the school committee stating the total amount asked, and a purported copy of the estimates enclosed with the letter.

PETITION, filed in the Superior Court on November 9, 1949.

The case was heard by *Leary*, J.

*P. S. Martowski, J. T. Storrs,* & *E. S. Searle,* for the respondent, submitted a brief.

*W. S. Kinney,* Assistant Attorney General, for the petitioner.

WILKINS, J. This is a petition to determine the amount of the deficiency in the appropriation by the town of Ware for the support of the public schools for the year 1949, and to order the town to provide a sum of money equal to such deficiency, together with a sum equal to twenty-five per cent thereof. G. L. (Ter. Ed.) c. 71, § 34, as appearing in St. 1939, c. 294. The case was heard by a judge, who made findings establishing the deficiency in the sum of $12,125, and entered a decree ordering the town and all the officials whose action is necessary to carry out the decree to provide such sums by borrowing. The respondent appealed. The evidence is reported.

It is admitted in the pleadings that at the annual town meeting the amount voted for the support of public schools for the year 1949 was $141,050. From evidence, the admissibility of which is now in dispute, it could have been found that the budget submitted by the school committee was $154,125, of which $101,325, or $101,425, was for teachers' salaries. From a record of a vote, admitted in evidence without objection, it appears that the actual appropriation at the town meeting for teachers' salaries was $89,200.

Apart from questions of evidence, the judge was justified in finding a deficiency of $12,125. The town's principal argument on the merits seems to be that the school committee asked for, and the town appropriated, $13,000 for

the transportation of pupils. It is argued that since an appropriation for this purpose, which is authorized by G. L. (Ter. Ed.) c. 40, § 4, as amended, was not mandatory under G. L. (Ter. Ed.) c. 71, § 34, as appearing in St. 1939, c. 294, *Eastern Massachusetts Street Railway* v. *Mayor of Fall River*, 308 Mass. 232, the sum of $13,000 should be deducted from the difference between the school department budget and the total appropriation made by the town. And should there likewise be deducted any one of four other sums, respectively for repairs, supplies, office expenditures, and miscellaneous expense (the mandatory character of which it is similarly contended is not shown), a deficiency, it is argued, would not exist. We are unable to subscribe to this reasoning. The school committee had the absolute right to establish the teachers' salaries. G. L. (Ter. Ed.) c. 71, § 38. *O'Brien* v. *Pittsfield*, 316 Mass. 283, 285. *James* v. *Mayor of New Bedford*, 319 Mass. 74, 75. *Watt* v. *Chelmsford*, 323 Mass. 697, 700. *School Committee of Gloucester* v. *Gloucester*, 324 Mass. 209, 213–214. The town's broad obligation to provide sufficient funds for the support of schools under G. L. (Ter. Ed.) c. 71, § 34, as amended, could not be impaired or affected in any way by the item voted for transportation, which was a separate appropriation. G. L. (Ter. Ed.) c. 44, § 31, as appearing in St. 1946, c. 358, § 23. See *Callahan* v. *Woburn*, 306 Mass. 265, 273; *Ring* v. *Woburn*, 311 Mass. 679, 693–694; *Gorman* v. *Peabody*, 312 Mass. 560, 569–570. Besides, the town's contention seems untenable after an agreement at the hearing that the $13,000 was paid out for transportation upon orders of the school committee.

The defence of laches, suggested rather than argued in the respondent's brief, is without merit. *Lincoln* v. *Giles*, 317 Mass. 185, 187. *Sears* v. *Treasurer & Receiver General*, 327 Mass. 310, 326.

The real difficulty in this case is not in the merits but in the evidence offered by the petitioner and admitted to prove the school committee's itemized estimates and requests for appropriations submitted to the town. The first witness

was the town clerk, who was called by the petitioner. On direct examination he was asked, "Have you the original budget which was submitted by the school committee in the town of Ware for year 1949 with you?" The witness answered, "I never had a budget submitted." Then asked if he had ever seen the budget, he answered that he had "seen something . . . I will tell what it was, something was presented to me for somebody to notarize. It was said it was the school budget and I didn't read anything, just notarized it." He testified that the superintendent of schools had given it to him. The document, which he identified, was admitted in evidence and marked as exhibit 1. The respondent excepted. One of the pages of the exhibit is headed, "December 15th, 1948   Requested Budget for 1949." It shows teachers' salaries $102,825 (which may have been a misprint for $102,925), transportation $13,000, and a total of $115,625. At the foot of this page there is an asterisk, which refers to the teachers' salaries item and reads, "Before these amounts were submitted to the town, the amount of $1,500 was deducted from teachers' salaries, thus making our final requested budget $154,125." On cross-examination the witness testified that the superintendent of schools handed the document to him the week before the hearing (which was on December 11, 1950), and that he then saw it for the first time. On redirect examination the witness testified that he had been a spectator at the annual town meeting in 1949, and knew the amount which the school committee was asking. Subject to the respondent's exception, he testified that the amount was "one hundred fifty-four thousand something." The witness was also asked the following question by counsel for the petitioner and gave the following answer, subject to the exception of the respondent, whose counsel in objecting said, "I submit the original of that would be the best evidence:" Q. "Did you in July of 1949 sign a document, a copy of which I hold in my hand certifying that at the town meeting in February of 1949, the school committee asked for an appropriation of $154,125?" A. "I signed the paper, yes."

This document was not identified in any other way except that it had not been introduced in evidence.

One Kierys, called as a witness by the petitioner, testified that in 1949 the members of the school committee were one Clark, now deceased, one Castellano, and the witness; and that in 1949 the committee certified a copy of the budget. Subject to the respondent's exception, there was admitted in evidence as exhibit 3 a portion of a letter, dated July 22, 1949, addressed to the Attorney General, and purportedly signed by the three members of the school committee. The portion of the body of the letter so admitted was, "At the annual town meeting held February 14, 1949, the school committee of Ware asked for a school appropriation of $154,125." Also marked as part of the same exhibit was an enclosure, consisting of a number of sheets, one apparently being a copy of the requested budget for 1949, which was in every respect identical with exhibit 1 except that the first item, teachers' salaries, was $102,925.

One Cox, called as a witness by the petitioner, testified that he was the superintendent of schools; and that the school department budget for 1949 was completed on December 15, 1948, and sent to one Southworth, the chairman of the appropriation committee. Southworth, called as a witness by the petitioner, testified that as a matter of practice and custom the various town departments submit their budgets to the appropriation committee; that the school committee submitted its budget for 1949 to the appropriation committee, of which the witness was then chairman; that the budget was in the files of that committee; that two weeks before the hearing the witness had turned the files over to one Casey, the new chairman of the appropriation committee; and that as far as the witness could determine, exhibit 1 is a copy of the document he had turned over to the new chairman.

The sole argument by the petitioner on questions of evidence is little more than a suggestion that exhibit 1 was "an original duplicate." The only reference to the record made in support of the assertion is to a page where the ad-

missibility of exhibit 3 was being discussed. It is enough to
say that there is nothing in the record which permits any
contention that either exhibit was a duplicate original. The
exhibits, therefore, did not fall within the principle of such
cases as *Peaks* v. *Cobb*, 192 Mass. 196, and *Quinn* v. *Stand-
ard Oil Co. of New York*, 249 Mass. 194, 201.

The alleged copy of the estimates of the school committee,
exhibit 1, was inadmissible. These estimates spoke for them-
selves. *O'Brien* v. *Pittsfield*, 316 Mass. 283, 285–286. See
*Pettengell* v. *Alcoholic Beverages Control Commission*, 295
Mass. 473, 476–477. They were required to be furnished to
the town accountant, if any, otherwise to the appropriation
committee, if any, otherwise to the board of selectmen.
G. L. (Ter. Ed.) c. 41, § 59, as amended by St. 1936, c. 94.
It does not appear whether there is a town accountant, but
there is an appropriation committee. There is no question
of a lost document and of attempted proof by parol. See
*O'Connor* v. *Boston Retirement Board*, 304 Mass. 471, 472–
473; McQuillin, Municipal Corporations (Rev. ed.) § 651.
The original, according to the undisputed testimony, is in
the hands of the present chairman of the appropriation
committee. "The rule that requires the production of the
best evidence readily obtainable is an important one. Where
the contents of a book or written document are needed in
evidence, the book or writing should be produced, when
there is no good reason for the non-production of it . . . ."
*Commonwealth* v. *Stevens*, 155 Mass. 291, 292. No founda-
tion had been laid for the introduction of secondary evi-
dence, if indeed this was such evidence. The source of the
document does not appear. It did not come from the wit-
ness, who was the town clerk. He does not appear to have
had any duties of transmission or custody of the estimates
of the school committee. "The school committee shall ap-
point a secretary who shall keep a permanent record book,
in which all its votes, orders and proceedings shall be re-
corded." G. L. (Ter. Ed.) c. 71, § 36. Compare G. L.
(Ter. Ed.) c. 66, § 6. No attempt having been made to
show the contents of such a record book, no issue arises of

varying or adding to the record of votes embodying, as required, action in meetings. See *Carbone, Inc.* v. *Kelly*, 289 Mass. 602, 605; *Scullin* v. *Cities Service Oil Co.* 304 Mass. 75, 78–79; *New England Box Co.* v. *C & R Construction Co.* 313 Mass. 696, 701–702. This exhibit plainly was not a copy of a paper, document, or record within G. L. (Ter. Ed.) c. 233, § 76.

From what has been said it is apparent that it was also error to admit the oral testimony of the town clerk as to the amount asked by the school committee at the town meeting or as to what he certified in that respect. These rulings did not relate to any vote recorded by the town clerk pursuant to G. L. (Ter. Ed.) c. 41, § 15.

The letter to the Attorney General and the enclosed purported copy of the school committee vote, exhibit 3, were not admissible. The members of the school committee could not thus bind the town. It was not part of their duties to write such letter. *Burgess* v. *Wareham*, 7 Gray, 345, 347. *Liberatore* v. *Framingham*, 315 Mass. 538, 540–541. Moreover, so far as appears, they were acting as individuals outside any official meeting. See *Damon* v. *Selectmen of Framingham*, 195 Mass. 72, 77, 78; *Lawrence* v. *Stratton*, 312 Mass. 517, 521; *Kenney* v. *McDonough*, 315 Mass. 689, 693–694. There is no admission which avoids the "best evidence" rule, *Morrissey* v. *Powell*, 304 Mass. 268, 269, because there is no admission by the town.

*Decree reversed.*