DOROTHY WHIPPLE ILLIG & others *vs.* TOWN OF
PLYMOUTH.

Plymouth.   December 5, 1957. — April 4, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*School and School Committee.   Municipal Corporations,* Municipal finance.

Notwithstanding G. L. (Ter. Ed.) c. 41, §§ 59, 60, and c. 39, § 16, as
amended, a failure of a town's school committee to submit at any
time prior to the annual town meeting its estimates of the amounts
necessary for the support of the public schools required by c. 71 does
not excuse the town from appropriating the amounts requested by
the committee nor preclude relief in equity under c. 71, § 34, as appear-
in St. 1939, c. 294, upon the town's refusal to appropriate such amounts
in full, even if the failure of the committee to submit its estimates at
an earlier time hampers the preparation of the annual budget and the
making of the finance committee's budget recommendations to the
voters; *Young* v. *Worcester,* 333 Mass. 724, respecting cities, distin-
guished.

PETITION, filed in the Superior Court on April 25, 1956.

The case was heard by *Warner,* J.

*Hugh R. Maraghy,* Town Counsel, (*Philip S. Cronin* with
him,) for the respondent.

*A. Kenneth Carey,* for the petitioners.

WHITTEMORE, J.   This is a petition by more than ten
taxable inhabitants of the town of Plymouth under G. L.
(Ter. Ed.) c. 71, § 34, as appearing in St. 1939, c. 294.[1]
The judge's findings show a violation of the statute and the

---

[1] "Every city and town shall annually provide an amount of money suffi-
cient for the support of the public schools as required by this chapter.   Upon
petition to the superior court, sitting in equity, against a city or town, brought
by ten or more taxable inhabitants thereof, or by the mayor of a city, or by
the attorney general, alleging that the amount necessary in such city or town
for the support of public schools as aforesaid has not been included in the
annual budget appropriations for said year, said court may determine the
amount of the deficiency, if any, and may order such city and all its officers
whose action is necessary to carry out such order, or such town and its treas-
urer, selectmen and assessors, to provide a sum of money equal to such de-
ficiency, together with a sum equal to twenty-five per cent thereof. . . ."

evidence supports the findings. The deficiency in the town's total appropriation for school purposes, at the March 24, 1956, annual meeting, below the amount requested by the school committee, was, according to the petition and the judge's finding, $42,242, but, by an agreement of counsel, and on the evidence, it was somewhat less. Of the total deficiency, over $35,000 was in the item for teachers' salaries and the greater part of this ($31,000) was for an increase in salaries. The estimates for the salary item were filed with the town accountant on January 30, 1956. The balance of the deficiency represented a failure to appropriate amounts requested for maintenance and for desks and chairs and other equipment. The estimates for these items were filed on December 22, 1955.

The power of the committee over teachers' salaries is well established. *Leonard* v. *School Committee of Springfield*, 241 Mass. 325. *Watt* v. *Chelmsford*, 323 Mass. 697, 700, and cases cited. *Attorney General* v. *Ware*, 328 Mass. 18, 20. The committee's estimates for maintenance and equipment were also binding on the town. *Ring* v. *Woburn*, 311 Mass. 679.

The town's contention, as we understand it, is that the salary estimates, having been submitted forty-one days after the time provided by statute and unreasonably near, as it is claimed, to the date of the town meeting, may not be made a basis for requiring that the town vote the requested school items. The town relies on G. L. (Ter. Ed.) c. 41, § 59, as amended by St. 1936, c. 94, and § 60, G. L. (Ter. Ed.) c. 39, § 16, as amended by St. 1950, c. 56, and *Young* v. *Worcester*, 333 Mass. 724.

Chapter 41, § 59, provides, "The selectmen and all boards, committees, heads of departments or other officers of a town authorized by law to expend money shall furnish to the town accountant, or, if there is no town accountant, to the appropriation, advisory or finance committee, if any, otherwise to the selectmen, not less than ten days before the end of the town financial year, detailed estimates of the amounts necessary for the proper maintenance of the departments

under their jurisdiction for the ensuing year, with explanatory statements as to any changes from the amounts appropriated for the same purposes in the preceding year, and an estimate of amounts necessary for outlays or permanent improvements." We have held that a school committee, acting within the scope of its powers and duties under G. L. (Ter. Ed.) c. 71, is not controlled by a similar provision (G. L. [Ter. Ed.] c. 44, § 31A, inserted by St. 1941, c. 473, § 1) in respect of cities. *Hayes* v. *Brockton*, 313 Mass. 641, 649.

General Laws (Ter. Ed.) c. 39, § 16, provides, "Every town whose valuation for the purpose of apportioning the state tax exceeds one million dollars shall, and any other town may, by by-law provide for the election or the appointment and duties of appropriation, advisory or finance committees, who shall consider any or all municipal questions for the purpose of making reports or recommendations to the town . . . [and] such committee, or the selectmen if authorized by a by-law . . . shall submit a budget at the annual town meeting."

General Laws (Ter. Ed.) c. 41, § 60, as applicable in Plymouth directs that the town accountant compile tables of the estimates furnished under c. 41, § 59, and of the appropriations and expenditures for the preceding year, that the finance committee designate the amounts they think should be appropriated with such explanations and suggestions "as they may deem desirable for the proper information of the inhabitants," and that the selectmen "print and distribute this document at or before the annual town meeting . . .."

*Young* v. *Worcester*, 333 Mass. 724, holds that in view of the statutory provisions for city budgets (G. L. [Ter. Ed.] c. 44, § 32, as appearing in St. 1941, c. 473, § 2, as amended) it is necessary that the school committee, if it is to be able to insist that an appropriation be made, get its estimates to the executive at least before the time of his submission of the budget to the council. The provisions for recommendations and a budget in towns are not comparable to c. 44, § 32. Under § 32 a city budget has aspects of a legislative

instrument which, upon and after its submission by the executive, limits the action which the council may take in making appropriations and may operate to carry its items into effect without any action by the city council. If the council does not act on an item or items in it, within a stated time, such become part of the appropriations for the year. The council may reduce or delete items, but, except on recommendation of the executive, may not increase items. It may not add items unless the mayor has failed to recommend for the purpose. By contrast, the town budget is, in effect, only the compiled recommendations of the committee under c. 41, § 60, "for the proper information of the inhabitants." It has no legislative force. The first act with such force in towns is a vote at town meeting. We do not think therefore that the *Young* case requires, or points to, the conclusion that the school committee was obliged to get its estimates to the finance committee before the town meeting as a condition of recovery under c. 71, § 34.

We need not determine to what extent, if at all, the provisions referred to above in respect of towns are more than directory. See *Liberty Mutual Ins. Co.* v. *Acting Commissioner of Insurance*, 265 Mass. 23, 28–29; *Boston* v. *Barry*, 315 Mass. 572.

It is of course desirable that those charged with making recommendations to the voters have the benefit of statutorily prescribed, or, in any event, adequate, time to study particular estimates in the light of other estimates and the overall needs of the town. The reasons are weighty for the school committee to conform to the orderly procedures leading up to the appropriations at town meeting. But the voters may not use a failure of the school committee to do so as an excuse for not making the school appropriations which c. 71, § 34, says they must make.

The evidence of pressure of time on the finance committee is immaterial. This decision does not rest on the finding that there was not insufficient time for study and recommendation of the total annual appropriations of the town.

There is no occasion to consider the evidence and findings

in respect of how the school committee happened to ask for funds to cover a salary increase.

The transcript of the testimony discloses an agreement of counsel, substantially confirmed in the evidence, that the items composing the deficiency were: Salaries $35,734 (in the evidence, $35,735); maintenance $600; desks and chairs $3,120; other equipment $1,100; a total of $40,554. Therefore, although neither brief questions the finding that the amount of the deficiency is $42,242 (the amount alleged by the petitioners), the finding and the decree in this respect are unsupported on the record. If the parties are in agreement that the amount is $42,242, and so stipulate in the Superior Court, the decree is to be affirmed, otherwise the decree is to be modified by substituting for the figures $42,242 and $10,560.50, respectively, the figures $40,554 and $10,138.50, and as so modified is affirmed.

*So ordered with costs of the appeal*
*to the petitioners.*