GEORGE R. GRAVES & others *vs.* TOWN OF FAIRHAVEN.

Bristol. November 5, 1958. — January 9, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*School and School Committee. Municipal Corporations*, Municipal finance. *Equity Pleading and Practice*, Requests and rulings. *Law or Fact.*

Under G. L. c. 71, § 34, as amended through St. 1939, c. 294, it was not mandatory upon a town to provide money for transportation of school children as requested by the school committee in its estimates, but it was mandatory upon the town to provide money for maintaining lunchrooms and for driver education as requested in the estimates. [292]

In a suit in equity against a town under G. L. c. 71, § 34, as amended through St. 1939, c. 294, a statement by the trial judge that a vote of the town appropriating "for school purposes" a sum less than the total requested by the school committee in its estimates resulted in an "across the board" reduction in the estimates was a ruling of law. [292–293]

A ruling that a vote of a town appropriating "for school purposes" an amount less than the total requested by the school committee in its estimates, which included an item for transportation of school children, constituted an "across the board" reduction in the estimates was correct, with the result that the item for transportation and the items respecting which it was mandatory for the town to provide the sums requested were all reduced proportionally, and the "deficiency" within G. L. c. 71, § 34, as amended through St. 1939, c. 294, was the total reduction less the proportionate reduction in the item for transportation. [293]

Reaffirmation of the supremacy of school committees in the field of education and of the cases enforcing the duty of municipalities under G. L. c. 71, § 34, as amended through St. 1939, c. 294, to support the public schools. [293]

The fact that a town meeting was given no itemized "breakdown" of the total amount requested by the school committee in estimates, including an item for transportation of school children, submitted by it to the

finance committee two months before the time of the town meeting did not excuse the town from fulfilling its duty under G. L. c. 71, § 34, as amended through St. 1939, c. 294, to provide the sums requested by the school committee "for the support of the public schools as required by" c. 71. [293-294]

In a suit in equity against a town under G. L. c. 71, § 34, as amended through St. 1939, c. 294, following the town's refusal to appropriate in full the amounts requested by the school committee for public school purposes, any question respecting the good faith of the school committee is not material. [294]

PETITION, filed in the Superior Court on April 3, 1957.

The case was heard by *Lurie*, J.

*Gerald P. Walsh*, (*Charles R. Desmarais* with him,) for the respondent.

*A. Kenneth Carey*, (*Donald E. Carey* with him,) for the petitioners.

WILKINS, C.J.   This is a petition by more than ten taxpayers to determine the amount of the deficiency in the appropriation by the respondent town for the support of the public schools for the year 1957.  G. L. c. 71, § 34, as amended through St. 1939, c. 294.  The judge found that there was a deficiency of $11,497.96, and entered a decree which ordered the town, its treasurer, selectmen, and assessors to provide, by borrowing, this sum, together with the further sum of $2,874.49, representing twenty-five per cent of the amount of the deficiency.  The town appealed.  There are findings of fact and a report of the evidence.

On or about January 10, 1957, the school committee submitted "its budget for school purposes" to the town finance committee.  The appropriation sought was $536,836.45 plus receipts from the county dog fund.  The two committees held various joint conferences, but there was no evidence of any report as to the school budget to the limited town meeting by the finance committee or by the board of selectmen. G. L. c. 41, §§ 59, 60.

On February 28, 1957, the school committee voted to amend its request as follows: "The school committee requests that the town raise and appropriate the sum of $539,-863.96 for school purposes, including $200 for out-of-state

travel; and that receipts from the Bristol County dog fund, $2,222.49, be appropriated also for school purposes." This amended request was never formally presented in writing to the finance committee.[1]

At the annual town meeting on March 9, 1957, a motion in accordance with the school committee's amended request was defeated. The record of the meeting contains the statement: "Voted the appropriation of $525,000 for school purposes, $200 of which is for out-of-state travel, plus the appropriation of $2,222.49 received from the dog fund. . . ." On these figures the reduction was $11,836.45.[2]

Among the items of the budget were transportation $29,900, lunchrooms $2,440, and driver education $1,700. By G. L. c. 40, § 4, a municipality may make contracts for the furnishing of transportation of school children, and subject to certain restrictions such contracts may be made by the school committee. Transportation does not fall within the mandatory support of schools enforceable under c. 71, § 34. *Eastern Mass. St. Ry.* v. *Mayor of Fall River*, 308 Mass. 232. *Ring* v. *Woburn*, 311 Mass. 679, 685, 688–689. See *Quinn* v. *School Comm. of Plymouth*, 332 Mass. 410, 412.

The items for lunchrooms and driver education, we think, do fall within c. 71, § 34. By c. 71, § 72, the school committee has power to "prepare and sell lunches at one or more school buildings for the pupils and teachers of the public schools at such prices as it deems reasonable." By c. 71, § 4, the school committee is empowered to "give instruction in such subjects as" it "considers expedient." Driver education could be considered such a subject.

The judge, after correctly ruling with respect to these three items, stated that the vote at the town meeting which was expressed in general terms resulted in an "across the board"

---

[1] The judge ruled that the revision was not properly presented, and he did not use the figure of $539,863.96. The petitioners did not appeal, and no argument on this point has been addressed to us.

[2] $536,836.45 (requested) plus $2,222.49 (dog fund) equals $539,058.94 (total requested). From this should be subtracted the sum of $525,000 (voted) and $2,222.49 (dog fund), which is $527,222.49. The judge's figure of $11,497.96 was in correction of two errors, aggregating $338.49, which were discovered after the town meeting.

reduction in the budget. The town contends that this was a finding without support in the evidence. We think that it was a ruling, and that it was correct, although the judge did not apply it in computing the deficiency. The proper effect of that ruling is that the transportation item was reduced that proportionate part of the total reduction of $11,836.45 which $29,900, the transportation item, bore to $539,058.94, the total amount requested. This is $656.53, and this sum should be deducted in computing the deficiency.

The town asks us to review "the entire statute," c. 71, § 34, as amended. If this is an argument that we should overrule the long line of cases of which *Leonard* v. *School Comm. of Springfield*, 241 Mass. 325, is an example, and of which the most recent are *Lynch* v. *Fall River*, 336 Mass. 558, and *Illig* v. *Plymouth*, 337 Mass 239, the challenge comes much too late. Thus, we read in the town's brief, "In order to arrive at any figure constituting a 'deficiency' within the meaning of the act, the court below was required to have before it evidence of the amount necessary to support the public schools for the year in question and evidence that the appropriations made and included in the annual budget were insufficient to meet that figure." This reads like an attempt to impair the traditional supremacy of the school committee in the field of education, and must be rejected. The cases relied upon, *Ring* v. *Woburn*, 311 Mass. 679, and *Watt* v. *Chelmsford*, 323 Mass. 697, are among many authorities to the contrary. See, for example, *Morse* v. *Ashley*, 193 Mass. 294; *Decatur* v. *Auditor of Peabody*, 251 Mass. 82; *Callahan* v. *Woburn*, 306 Mass. 265.

An argument was made by the town in the court below, and is renewed here, based upon the fact that no itemized "breakdown" was given the town meeting. The judge ruled that G. L. c. 44, § 31A, requiring municipal department heads in cities to submit detailed estimates for the ensuing year by December first, did not apply to the school committee. *Hayes* v. *Brockton*, 313 Mass. 641, 649. *Young* v. *Worcester*, 333 Mass. 724, 726. *Lynch* v. *Fall River*, 336 Mass. 558, 559. Similarly, compliance by the school com-

mittee of a town with G. L. c. 41, § 59, as amended through
St. 1936, c. 94,[1] is not a condition precedent to relief under
G. L. c. 71, § 34. *Illig* v. *Plymouth,* 337 Mass. 239. The
judge found that the submission of the budget to the finance
committee on January 10 caused no inconvenience, and that
"no inconvenience has been claimed." He then ruled that
there was "no further duty" upon the school committee,
and that any failure to inform the town meeting was charge-
able to the finance committee or the board of selectmen.
G. L. c. 39, § 16; c. 41, § 60. He also pointed out, citing
*Attorney Gen.* v. *Ware,* 328 Mass. 18, 20, that the finance
committee could have removed the transportation item from
the budget and had it considered under a separate article in
the warrant with a separate appropriation.

The town seems to question the good faith "in the techni-
cal sense" of the school committee. That is not a material
issue. *Downey* v. *School Comm. of Lowell,* 305 Mass. 329,
332. *Kelley* v. *School Comm. of Watertown,* 330 Mass. 150,
154. *Povey* v. *School Comm. of Medford,* 333 Mass. 70, 72–73.

The final decree is to be modified by deducting from the
deficiency of $11,497.96, as found by the judge, the sum of
$656.53, leaving $10,841.43, and by deducting from the fur-
ther sum of $2,874.49 twenty-five per cent of $656.53, or
$164.13, leaving $2,710.36, and as so modified, it is affirmed.

*So ordered.*

---

[1] "The selectmen and all boards, committees, heads of departments or
other officers of a town authorized by law to expend money shall furnish to
the town accountant, or, if there is no town accountant, to the appropriation,
advisory or finance committee, if any, otherwise to the selectmen, not less
than ten days before the end of the town financial year, detailed estimates
of the amounts necessary for the proper maintenance of the departments under
their jurisdiction for the ensuing year, with explanatory statements as to any
changes from the amounts appropriated for the same purposes in the preceding
year, and an estimate of amounts necessary for outlays or permanent im-
provements."