FITCHBURG TEACHERS ASSOCIATION *vs.* SCHOOL
COMMITTEE OF FITCHBURG & others.

Worcester. May 7, 1971. — June 30, 1971.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & BRAUCHER, JJ.

*School and School Committee. Contract,* School teacher. *Labor.
Municipal Corporations,* Municipal finance.

A provision of a collective bargaining contract between the school
committee of a city and an association of its teachers for "a salary
adjustment for a teacher's final year of service before retirement,"
based on the number of days over 170 a teacher had attended in
each year of his service, was valid under G.L. c. 71, § 38, and
c. 149, § 178I, if the appropriation for the school department was
sufficient to pay the amounts required |106-107|; the adjustment
was not 'a "mere gratuity," was reasonable as rewarding work on
days of unused leave, could not lead to open-ended liability on the
part of the city since only ten days over 170 could be worked by a
teacher in a year, and was not in conflict with an ordinance of the
city prohibiting any payment by it of money not "actually earned"
|107-108|.

Lack of a specific allocation to an adjustment of teacher's salaries in
the appropriation for the school department of a city would not
preclude the department from ordering such adjustment paid if its
total appropriation would not be exceeded thereby. |108|

BILL IN EQUITY filed in the Superior Court on November
14, 1969.

The suit was heard by *Meagher,* J.

*Jeffrey M. Freedman* for the plaintiff.

*Philip Salny,* City Solicitor, for the defendants, submitted
a brief.

REARDON, J. This is a bill for declaratory relief under
G. L. c. 231A, in which the plaintiff, Fitchburg Teachers

Association (the association), seeks payment to certain teachers of salary adjustments to which they are entitled under an amendment effective January 1, 1969, to a collective bargaining contract then in existence between the association and the defendant school committee of Fitchburg (the committee).

The case was tried in the Superior Court on a statement of agreed facts which is summarized below. On November 7, 1966, pursuant to G. L. c. 149, § 178I, the committee and the association entered into a three year contract effective July 1, 1966, subject to annual reopening on matters of "Compensation and other Conditions of Employment." In October, 1968, the association properly reopened the contract, and the committee subsequently voted to approve several of the amendments proposed by the association. One of these was the provision here in issue, which stipulates a "salary adjustment for a teacher's final year of service before retirement" based on the number of days over 170 he has attended in each year of his service. On December 4, 1968, the committee notified the defendant auditor of the city of Fitchburg that it had approved this and other amendments and that they were effective as of January 1, 1969. In June of that year the committee submitted to the auditor an order for payment of sums due under the amendment to eligible teachers retiring in 1969, but the auditor refused to approve such payment on the ground that it would be improper.

On these facts the trial judge ruled that the amendment to the contract was "valid and proper" but nevertheless dismissed the bill on the ground that "the City of Fitchburg never appropriated in the 1968 or 1969 budget any money for the purpose of paying the amounts due or that might become due under the provisions of the amendment to the contract."

1. Assuming a sufficiency of funds available to the school committee, there was no error in the ruling that the amendment was valid. The power of school committees to "contract with the teachers of the public schools" and to engage

in collective bargaining for the purpose of setting "wages, hours and other conditions of employment" is fixed by statute. G. L. c. 71, § 38, as amended through St. 1965, c. 164. G. L. c. 149, § 178I, as amended through St. 1969, c. 341. The complete and exclusive nature of the authority to contract has been long established in our case law. *Watt* v. *Chelmsford*, 323 Mass. 697, 700, and cases cited. *Attorney Gen.* v. *Ware*, 328 Mass. 18, 20. *Lynch* v. *Fall River*, 336 Mass. 558, 559. *Collins* v. *Boston*, 338 Mass. 704, 707. This amendment, part of the over-all package of services and benefits worked out by the parties pursuant to collective bargaining and embodied in the contract, was a valid exercise by the committee of its power to set wages. We need not decide whether the fact that the salary adjustment is based in part on services performed before the effective date of the amendment makes it lacking in consideration when viewed in isolation, for it should properly be considered only as part of the entire quid pro quo of the contract. Even considered alone, it bears considerable resemblance to the provision for a "bonus" to school employees which we sustained in *Attorney Gen.* v. *Woburn*, 317 Mass. 465, 467, against a charge, similar to that made by the defendants here, that it was a "mere gratuity." See *Averell* v. *Newburyport*, 241 Mass. 333 (school committee rule providing for paid sick leave valid).

The provision is in addition a reasonable one. Days in excess of 170 worked in a given year represent unused sick leave or personal leave. The provision thus has the effect of rewarding lengthy and continuing service by teachers and discouraging frivolous use of sick leave. Nor can it lead to open-ended liability on the part of the municipality, for only ten days over 170 can be worked in a year. Compare *Quinlan* v. *Cambridge*, 320 Mass. 124 (ordinance providing unlimited sick leave for police held invalid).

The defendants point to the provision in c. 149, § 178I, that "[i]n the event any part or provision of any such agreement is in conflict with any . . . ordinance . . . such . . . ordinance . . . shall prevail so long as the conflict remains,"

contending that the amendment conflicts with c. 2, § 41, of the General Ordinances of Fitchburg. We are unable, however, to see any such conflict. The ordinance provides, in relevant part, ". . . nor shall any person be paid [by the city treasurer] either as compensation or as a gift any more money than such person has actually earned in such employment." The defendants' argument is circular, for the alleged conflict is based on the premise that the amendment at issue provides for an invalid gratuity. Since we have decided on the contrary that the amendment was a valid exercise of the committee's power to set wages and conditions of employment through the process of collective bargaining, money paid pursuant to the amendment is money "actually earned."

2. The lack of an appropriation in 1968 to cover sums due under the amendment is irrelevant since the amendment was not effective until January 1, 1969, and no sums could therefore be due under it until that year. The fact that the amounts due were dependent in part on services performed in 1968 and prior years has no bearing on the fact that the calculated salary adjustment was due only after the teacher's final year of service beginning with the school year 1968–1969.

The record is silent, however, as to whether the total appropriation for the public schools in 1969 was sufficient to cover the sums due under the amendment. The finding of the judge that there was no appropriation "for the purpose of paying the amounts due" would seem to cover only the question whether there was any money specifically allocated for this item in the school budget for 1969. The lack of such an allocation would have no effect, however, on the committee's power to order the sums due paid so long as they did not cause the committee to exceed its total appropriation. The committee may use money allocated to the school as it sees fit even to the extent of diverting sums specifically allocated in the budget from one use to another. *Leonard* v. *School Comm. of Springfield*, 241 Mass. 325. *Lynch* v. *Fall River*, 336 Mass. 558.

The bill should not have been dismissed. The final decree is reversed. The case is remanded to the Superior Court for a determination whether there were at the end of June, 1969, sufficient unexpended funds in the total appropriation of the school department for 1969 to pay the amounts required by the amendment. A new decree is to enter with a declaration consistent with this opinion.

*So ordered.*