ATTORNEY GENERAL *vs.* CITY OF PITTSFIELD. November 8, 1974. This is a petition in equity brought by the Attorney General pursuant to G. L. c. 71, § 34, as appearing in St. 1939, c. 294, to compel the city of Pittsfield (city) to restore to the budget of the school committee (committee) an amount requested for "Administrators Contract Changes" which was deleted by vote of the city council (council). The petition was heard upon a partial case stated. Additional testimony was introduced and is reported. The final decree entered in the Superior Court found a deficiency in the committee budget as passed by the council in the amount of $4,200 (that sum having been stipulated by the parties) plus twenty-five percent as provided for in G. L. c. 71, § 34. The city appealed from the final decree. The committee adopted its 1972 budget requests on February 2, 1972, including the sum subsequently deleted by the council for salary changes for administrative personnel to be voted upon by the committee later in the year. On March 28, 1972, the council appropriated the committee's budget requests excluding the sum for administrative salary changes. On June 2, 1972, the present petition was filed seeking to restore the deleted sum. On November 17, 1972, the committee voted salary increases for administrative personnel and also voted to transfer a surplus of $7,725 in the administrative salaries account to the transportation account. Relying upon this transfer the city in retrospect contends that no deficiency actually existed in the council appropriation and that the city should not be obliged to support for school purposes what was in fact a nonmandatory transportation item. See *Ring* v. *Woburn*, 311 Mass. 679, 685, 688-689 (1942); *Graves* v. *Fairhaven*, 338 Mass. 290, 292 (1959). The city reasons that, absent the transfer by the committee, there would have been no budget deficiency in the item for administrative salaries.

The only question is whether the deleted item, conceded by both parties to be mandatory for school purposes under G. L. c. 71, § 34, should be restored. We agree with the Attorney General that the subsequent transfer of funds by the committee to a nonmandatory account did not relieve the council of its obligation to comply with the committee's budget request for administrative salaries. See *Bell v. North Reading*, 363 Mass. 505, 511 (1973).

*Decree affirmed.*

*Samuel Landa*, City Solicitor (*Arnold L. Rose* with him) for the city of Pittsfield.

*James P. Kiernan*, Assistant Attorney General, for the Attorney General.

