Christopher F. KENNEDY,
Francis F. ANSELMO,
Mary P. COLLINS, Joan C. PICARD,
John J. SULLIVAN, and
Patricia A. TOLAND, as Members of the
School Committee of the City of Quincy,
plaintiffs
vs.
Arthur H. TOBIN, Mayor of the City of
Quincy, defendant

No. 134157

Superior Court
Commonwealth of Massachusetts

**December 4, 1981**

---

**Michael Lehane,** counsel for plaintiff
**Robert J. Fleming, city solicitor,** counsel for defendant

## MEMORANDUM OF DECISION and ORDER on MOTIONS for SUMMARY JUDGMENT

At issue is the effect of Section 7 of "Proposition 2-½ (Chapter 580 of the Acts of 1980), which took effect on December 4, 1980, and amended G.L.c. 71, § 34, the statute that historically granted fiscal autonomy to school committees, on the Quincy School Committee's authority to determine the expenditure of the total budget to be appropriated for the Quincy Schools by the City Council, and the authority of the Mayor to submit a lesser budget to the City Council for appropriation than that requested by the School Committee. In allowing the Quincy School Committee's motion for summary judgment, the court is of the opinion that although the amendment to G.L.c. 71, § 34, accomplished by the passage of "Proposition 2-½," expressly gives the Quincy City Council the authority to determine the total amount that is to be appropriated for the Quincy School Committee's budget, it did not, under the reasoning of **Leonard v. School Committee of Springfield,** 241 Mass. 325 (1922) and its progeny, obliterate all the other provisions of Chapter 71 nor did it give to the Mayor the power to reduce or otherwise refuse to submit the requested School Committee's budget appropriations to the City Council. Such radical departure from previous law and policy would have to be "expressed in clear language and not left to doubtful implication." **Dowd v. Town of Dover,** 334 Mass. 23 (1956). But see, Release No 81-234, dated May 1, 1981, of the Department of Revenue entitled "Mayor's Role in School Budgetary Process", Exhibit "A" of Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment.

The Court's decision in **Leonard** rested on the discretion, independence and broad powers and duties granted to school committees under G.L.c. 71, §§ 37 and 38. The Court found that the

statutes on municipal finance (specifically G.L.c. 44, § 32) must be construed and applied in light of this history of school committee management and discretion over the items in the school budget as provided by state education laws. The Court found in G.L.c. 44, § 32 no express intent to change the basic powers of the School Committee and held that the School Committee retained its discretion to amend or transfer line items within its total budget appropriation. The Court's reasoning in **Leonard** remains good law. The decision has never been overturned, but rather has been followed in more recent cases.

See, **Dowd v. Town of Dover,** 334 Mass. 23 (1956); **Lynch v. City of Fall River,** 336 Mass. 558 (1958); and **Fitchburg Teachers Association v. School Committee of Fitchburg,** 360 Mass. 105 (1971).

The stated purpose of "Proposition 2-½" is to limit state and local taxation and expenditures. That purpose is accomplished by reading the amendment to G.L.c. 71 § 34 as a limit on the total appropriation for school purposes. A contrary reading that limits the power of the School Committee to operate the public schools within that total appropriation, or that increases the power of a mayor to recommend a reduction in the requested school committee budget would be to vitiate the School Committee's statutory role as an elected body. The new statute must be interpreted with reference to the pre-existing law and to the extent possible explained in conjunction with other statutes (such as G.L.c. 71, §§ 37 and 38) so that there may be a harmonious and consistent body of law. **City of Everett v. City of Revere,** 344 Mass. 585 (1962). It is therefore the ruling of this court that:

1. Plaintiff's motion for summary judgment is ALLOWED
2. Defendant's motion for summary judgment is DENIED.

By the Court
**Herbert Abrams**
**Justice of the Superior Court**